AKEEL & VALENTINE, PLC ■ TROY, MICHIGAN 48084-4736 ■ (248) 269-9595 ■ FAX: (248) 269-9119

888 W. BIG BEAVER ROAD ■ SUITE 910 ■ www.akeelvalentine.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

BRIAN WILLIAMS, on behalf of
of himself, and all others similarly situated

                                   Case No.

      Plaintiff,                    Hon.

vs.

DEARBORN MOTORS 1, LLC

      Defendants.

AKEEL & VALENTINE, PLC
Shereef H. Akeel (P54345)
Adam S. Akeel (P81328)
Attorney for Plaintiff
888 W. Big Beaver Road, Suite 910
Troy, MI 48084
(248) 269-9595
shereef@akeelvalentine.com
adam@akeelvalentine.com

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, BRIAN WILLIAMS, individually and on behalf of all others similarly situated, by and through his attorneys, Akeel & Valentine, PLC and state as follows:

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

## NATURE OF CLAIM

1.     This is a class action for declaratory and injunctive relief against Defendant, DEARBORN MOTORS 1, LLC, to redress the violations and threatened violations of the rights of Plaintiff and the class he represents (collectively hereinafter "Plaintiffs", "Class", or "Plaintiff Class") under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1990, as amended, and the Age Discrimination in Employment Act of 1967, as amended.

2.     Plaintiffs also seek damages against Defendant to redress the violations and threatened violations of the rights of Plaintiffs under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1990, as amended, and the Age Discrimination in Employment Act of 1967, as amended.

3.     As Class Representative, Plaintiff Williams seeks to represent all employees and former employees of Defendant, since December of 2015, who were required to sign Defendant's "Arbitration/Waiver of Class and Collective Actions/Attorney Fees and Costs" ("Waiver"), as a condition of employment or continued employment with Defendant.

AKEEL & VALENTINE, PLC

888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119

www.akeelvalentine.com

## PARTIES AND JURISDICTION

4.      Plaintiff, BRIAN WILLIAMS, was an employee of Defendant at all relevant times herein, and is a resident of the State of Michigan.

5.      Plaintiff's last day of employment with Defendant was on or about January 11, 2016.

6.      Defendant, Dearborn Motors 1, LLC ("Dearborn Motors"), at all relevant times herein, was a Limited Liability Company organized under the laws of Delaware, with principle place of business and registered office in Dearborn, Michigan.

7.      This Honorable Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiffs' claims raise a federal question under 42 U.S.C. § 2000e-2, 29 U.S.C. § 623, and 42 U.S.C. § 12112.

8.      Venue is proper in this Honorable Court as Defendant conducts business within the Eastern District of Michigan and are subject to personal jurisdiction within the Eastern District of Michigan and a substantial part of the events giving rise to the claims alleged occurred in the Eastern District of Michigan, *see* 29 U.S.C. § 1391(b).

## STATEMENT OF FACTS

9.      On or about May 21, 2015, Plaintiff, an African American, became employed with Defendant Dearborn Motors where he worked as a Porter.

10. In December of 2015, Defendant provided all its employees with an "Arbitration/Waiver of Class and Collective Actions/Attorneys Fees and Cost" ("Waiver"). **(Ex. A)**. Defendant informed its employees that they had until December 31, 2015 to sign the Waiver.

11. On January 5, 2016, Defendant instructed Plaintiff that he would need to sign the Waiver if he were to remain employed with Defendant.

12. This was after Plaintiff returned from sick leave for his multiple ailments and disabilities, which include, among other things, Neuropathy, Epilepsy, Sickle Cell, and Depression.

13. Plaintiff informed Defendant that he would look over the Waiver and determine whether such terms were agreeable.

14. On January 6, 2016, Plaintiff was contacted by Defendant's CEO and was again instructed to sign the Waiver in order to remain employed with Defendant.

15. Plaintiff verbally opposed signing the Waiver and giving up his rights.

16. Defendant's CEO also sent Plaintiff a letter making the same demand. **(Ex. B)**

17. Plaintiff knew, or had reason to know, that such a Waiver violated his rights, and he also knew, or had reason to know, that such a Waiver wrongfully sought to deny his, or limit his, access to legal rights.

AKEEL & VALENTINE, PLC ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119 www.akeelvalentine.com

888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

18.   In the Waiver, Defendant sought to strip Plaintiff (and did strip Plaintiff Class) of rights guaranteed under Federal Law.

19.   The Waiver sought to limit Plaintiff's legal rights by, among other things, 1) forcing Plaintiff to agree to submit any claims arising out of employment to exclusive and binding arbitration, 2) forcing Plaintiff to waive any rights to trial by jury, or to bring any claims in court, 3) forcing Plaintiff to agree to only assert claims on an individual basis, 4) forcing Plaintiff to agree to waive any right to seek class or collective action treatment for any claim he may have, 5) forcing Plaintiff to agree to waive any right he may have to participate in any class or collective action against Defendant or any employee or entity associated with Defendant, 6) forcing Plaintiff to agree to "OPT OUT" of any proceeding in which Plaintiff is made a member or part of a class, and 7) forcing Plaintiff to agree to waive any rights to any monetary recovery obtained by any third party on his behalf.

20.   Defendant demanded that all of its employees, including Plaintiff, sign the Waiver as a term and condition of employment and/or continued employment.

21.   Plaintiff Williams opposed such a demand because he believed it to be in violation of his legal rights.

22.   Therefore, Plaintiff Williams refused to sign the Waiver.

23.   On January 11, 2016, Plaintiff was terminated for not signing the Waiver.

24.   Also on January 11, 2016, Plaintiff filed a Charge with the EEOC because Defendant, among other things, retaliated against him for opposing a Waiver which was in violation of Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1990, as amended, the Equal Pay Act of 1963, the Age Discrimination in Employment Act of 1967, as amended, and the Genetic Information Non-disclosure Act of 2008 (**Ex. C**).

25.   Importantly, Plaintiff notified the EEOC that all of Defendant's employees had been instructed to sign the Waiver in order to remain employed with Defendant; therefore, "all other employees have been denied access to legal rights" in violation of those same statutes.

26.   On October 5, 2016, the EEOC issued its letter of determination where it was found that "there is reasonable cause to believe Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, as amended, the Americans with Disabilities Act of 1990, as amended, the Equal Pay Act of 1963, as amended, and the Genetic Information Non-Disclosure Act of 2008 *have been violated*…" (**Ex. D**).

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

27. The EEOC stated, that their "Investigation revealed reasonable cause to believe [Plaintiff's] allegations are true with respect to himself and a class of harmed parties."

28. The EEOC thereafter sent Defendant a "Conciliation Agreement". (**Ex. E**).

29. The Conciliation Agreement requested Defendant to 1) compensate Plaintiff in the amount of $19,067 in Back Pay, 2) reinstate Plaintiff to his former position with no loss of seniority, work hours or pay, 3) compensate Plaintiff in the amount of $10,000 Compensatory Damages, and 4) pay all reasonable and customary legal fees incurred by Plaintiff. (**Ex. E**, p. 4)

30. The Agreement would also require Defendant to destroy all Waivers and to provide written notification to each of its employees that the Waiver is no longer in effect. (**Ex. E**, p. 5).

31. The Agreement further requested relief on behalf of every employee that was forced to sign the Waivers as a condition of employment, in the form of $900 per employee. (**Ex. E,** p. 5).

32. Defendant did not agree to the Conciliation Agreement, and failed to compensate Plaintiff Williams, or Plaintiff Class.

33. Upon information and belief, Defendant still implements the illegal Waiver as a term and condition of employment.

AKEEL & VALENTINE, PLC ■ TROY, MICHIGAN 48084-4736 ■ (248) 269-9595 ■ FAX: (248) 269-9119
www.akeelvalentine.com
888 W. BIG BEAVER ROAD ■ SUITE 910

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

34.     In or around October of 2016, Plaintiff applied for Unemployment Insurance with the Unemployment Insurance Agency ("UIA").

35.     Upon information and belief, in or around November of 2016, Defendant informed UIA that Plaintiff had quit his employment and/or was discharged for misconduct in that Plaintiff failed to sign the Waiver.

36.     On January 19, 2017, the State of Michigan denied Plaintiff his unemployment benefits because, according to Defendant, Plaintiff had been fired for misconduct in violation of company policy. (**Ex. F,** State Denial).

37.     Plaintiff obtained his Right to Sue letters on March 23, 2017 and July 5, 2017. (**Ex. G,** Right to Sue Letters).

## CLASS ACTION ALLEGATIONS

38.     Plaintiffs incorporate by reference the foregoing paragraphs, as though fully set forth herein.

39.     Plaintiff Williams brings this action pursuant to Fed. R. Civ. P. 23(b)(2), (b)(3), and 29 U.S.C. § 216(b) on his own behalf and on the behalf of:

a.  All employees of Defendant who were required to sign Defendant's "Arbitration/Waiver of Class and Collective Actions/Attorney Fees and Costs" similar to the attached Exhibit A, as a condition of employment or continued employment with Defendant since December of 2015.

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

Plaintiffs reserve the right to amend this definition as necessary.

40.     Defendant's pattern and practice, and/or, policy explicitly denies Plaintiff Class access to legal rights otherwise afforded under Federal Law.

41.     Plaintiffs seek to maintain this class, pursuant to Federal Rules of Civil Procedure 23, on the issues of whether Defendant engaged in acts prohibited under anti-discrimination laws and whether Defendant should be enjoined from continuing its discriminatory practices.

42.     Plaintiffs also seek to maintain this collective action, pursuant to 29 U.S.C. § 216(b), on the issues of whether Defendant engaged in acts prohibited under anti-discrimination laws and whether Defendant should be enjoined from continuing its illegal employment practices.

43.     The Class is so numerous that joinder of all members is impracticable.

44.     Common questions of fact and law exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.

45.     Among the questions of law and fact in common to Plaintiff Class is whether Defendant violated 1) Title VII, 42 U.S.C. § 2000e-2(a)(2), by limiting Plaintiffs in a way which would deprive or tend to deprive an individual of employment opportunities, 2) ADEA, 29 U.S.C. § 623(a)(2), by limiting Plaintiffs in a way which would deprive or tend to deprive an individual of employment

opportunities or otherwise adversely affect his/her employment, and 3) ADA, 42 U.S.C. §12112, by limiting Plaintiffs in a way that adversely affects opportunities or status of employees, and by participating in a contractual or other arrangement or relationship that has the effect of subjecting an employee with a disability to discrimination prohibited by the statute.

46.     Plaintiff's claims are typical of the claims of the members of the Class, and he is an adequate representative of Plaintiffs.

47.     Plaintiff and members of the Class have sustained damages because of Defendant's unlawful activities alleged herein.

48.     Plaintiffs have retained counsel, competent and experienced in employment, civil rights, and discrimination litigation, and intend to prosecute this action vigorously.

49.     Plaintiffs seek a declaration that their rights were violated, and an injunction preventing Defendant from implementing such illegal terms and conditions in the workplace.

50.     Plaintiffs also seek punitive damages, and attorney fees and costs to help ensure Defendant will not subject future workers to the same illegal conduct in the future.

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

51.    Plaintiff Williams also seeks compensatory damages for having been retaliated against for opposing terms of employment which were in violation of Title VII, the ADEA, and the ADA.

## COUNT I
## DISCRIMINATION IN VIOLATION
## OF TITLE VII OF THE CIVLL RIGHTS ACT AGAINST

52.    Plaintiffs incorporate by reference the foregoing paragraphs, as though fully set forth herein.

53.    At all material times, Defendant was an employer, covered by and within the meaning of Title VII of the Civil Rights Act of 1964, as amended.

54.    Defendant subjected its employees to an unlawful employment practice by forcing Plaintiffs to sign the illegal Waiver for employment, and by limiting their access and/or tending to deny access to legal rights guaranteed under Title VII.

55.    Defendant's rationale for its discrimination is not a legitimate non-discriminatory reason for requiring its employees to work under such terms and conditions.

56.    As a result of Defendant's discriminatory policy, Plaintiffs have been denied access to legal rights, and subjected to terms and conditions which would deprive or tend to deprive one of rights afforded under Title VII.

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ■ SUITE 910 ■ TROY, MICHIGAN 48084-4736 ■ (248) 269-9595 ■ FAX: (248) 269-9119
www.akeelvalentine.com

**WHEREFORE**, Plaintiffs request this Honorable Court award judgment against Defendant for punitive damages, and related loss of pay resulting from Defendant's illegal terms of employment, in whatever amount the jury finds necessary, in addition to interest and attorney fees, as allowed under the Act, plus (1) declaratory relief recognizing that Defendant has unlawfully discriminated against the Class by requiring its employees to work under illegal terms and conditions; (2) injunctive relief prohibiting Defendant from requiring its employees to contract under such terms and ending the discriminatory policies described herein; and (3) an award of costs, interest and attorney fees.

**COUNT II**
**DISCRIMINATION IN VIOLATION**
**OF THE AMERICANS WITH DISABILITIES ACT**

57. Plaintiffs incorporate by reference the foregoing paragraphs, as though fully set forth herein.

58. Defendant subjected its employees to an unlawful employment practice by limiting their access and/or tending to deny access to legal rights guaranteed under the ADA.

59. Defendant's rationale for its discrimination is not a legitimate non-discriminatory reason for requiring its employees to work under such terms and conditions.

60.     As a result of Defendant's discriminatory policy, Plaintiffs have been denied access to legal rights, and subjected to terms and conditions which would tend to deprive one of rights afforded by the ADA.

**WHEREFORE**, Plaintiffs request this Honorable Court award judgment against Defendant for punitive damages, and related loss of pay resulting from Defendant's illegal terms of employment, in whatever amount the jury finds necessary, in addition to interest and attorney fees, as allowed under the Act, plus (1) declaratory relief recognizing that Defendant has unlawfully discriminated against the Class by requiring its employees to work under illegal terms and conditions; (2) injunctive relief prohibiting Defendant from requiring its employees to contract under such terms and ending the discriminatory policies described herein; and (3) an award of costs, interest and attorney fees.

## COUNT III
## DISCRIMINATION IN VIOLATION
## OF THE AGE DISCRIMINATON IN EMPLOYMENT ACT

61.     Plaintiffs incorporate by reference the foregoing paragraphs, as though fully set forth herein.

62.     Defendant subjected its employees to an unlawful employment practice by limiting their access, and/or tending to deny access to legal rights guaranteed under the ADEA.

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ■ SUITE 910 ■ TROY, MICHIGAN 48084-4736 ■ (248) 269-9595 ■ FAX: (248) 269-9119
www.akeelvalentine.com

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ■ SUITE 910 ■ TROY, MICHIGAN 48084-4736 ■ (248) 269-9595 ■ FAX: (248) 269-9119
www.akeelvalentine.com

63.    Defendant's rationale for its discrimination is not a legitimate non-discriminatory reason for requiring its employees to work under such terms and conditions.

64.    As a result of Defendant's discriminatory policy, Plaintiffs have been denied access to legal rights, and subjected to terms and conditions which would tend to deprive one of rights afforded by the ADEA.

**WHEREFORE**, Plaintiffs request this Honorable Court award judgment against Defendant for punitive damages, and related loss of pay resulting from Defendant's illegal terms of employment, in whatever amount the jury finds necessary, in addition to interest and attorney fees, as allowed under the Act, plus (1) declaratory relief recognizing that Defendant has unlawfully discriminated against the Class by requiring its employees to work under illegal terms and conditions; (2) injunctive relief prohibiting Defendant from requiring its employees to contract under such terms and ending the discriminatory policies described herein; and (3) an award of costs, interest and attorney fees.

## COUNT IV
## RETALIATION IN VIOLATION
## OF TITLE VII OF THE CIVLL RIGHTS ACT AGAINST
### (Only Plaintiff Williams)

65.    Plaintiff Williams incorporate by reference the foregoing paragraphs, as though fully set forth herein.

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

66.    Plaintiff is an African American male.

67.    Plaintiff opposed an unlawful employment practice implemented by Defendant.

68.    Defendant's Waiver contains terms and conditions of employment that are in violation of Title VII.

69.    Defendant had knowledge that Defendant opposed the implementation of its Waiver policy because of its illegal terms and conditions.

70.    Defendant terminated Plaintiff in retaliation for opposing an unlawful employment practice.

71.    The retaliation by Defendant was swift, immediate, and absolute.

72.    Defendant's rationale for its discrimination is not a legitimate non-discriminatory reason for requiring its employees to work under such terms and conditions.

73.    As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits, and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

**WHEREFORE,** Plaintiff, Brian Williams, respectfully requests that this Honorable Court enter a judgment in his favor and against Defendant to fully compensate him for any and all of his economic and non-economic damages, and

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-4736 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

to award costs, and attorney fees, and grant such further and additional relief as this Court deems just and equitable.

### COUNT V
### RETALIATION IN VIOLATION
### OF THE AGE DISCRIMINATON IN EMPLOYMENT ACT
### (Only Plaintiff Williams)

74.     Plaintiffs incorporate by reference the foregoing paragraphs, as though fully set forth herein.

75.     Plaintiff is over the age of 40 years old.

76.     Plaintiff opposed an unlawful employment practice implemented by Defendant.

77.     Defendant's Waiver contains terms and conditions of employment that are in violation of the ADEA.

78.     Defendant had knowledge that Defendant opposed the implementation of its Waiver policy because of its illegal terms and conditions.

79.     Defendant terminated Plaintiff in retaliation for opposing an unlawful employment practice.

80.     The retaliation by Defendant was swift, immediate, and absolute.

81.     Defendant's rationale for its discrimination is not a legitimate non-discriminatory reason for requiring its employees to work under such terms and conditions.

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

82. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits, and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

**WHEREFORE,** Plaintiff, Brian Williams, respectfully requests that this Honorable Court enter a judgment in his favor and against Defendant to fully compensate him for any and all of his economic and non-economic damages, and to award costs, and attorney fees, and grant such further and additional relief as this Court deems just and equitable.

## COUNT VI
### RETALIATION IN VIOLATION
### OF THE AMERICANS WITH DISABILITIES ACT
### (Only Plaintiff Williams)

83. Plaintiffs incorporate by reference the foregoing paragraphs, as though fully set forth herein.

84. Plaintiff suffers from a disability as defined under the ADA.

85. Plaintiff opposed an unlawful employment practice implemented by Defendant.

86. Defendant's Waiver contains terms and conditions of employment that are in violation of the ADA.

87.     Defendant   had   knowledge   that   Defendant   opposed   the
implementation of its Waiver policy because of its illegal terms and conditions.

88.     Defendant terminated Plaintiff in retaliation for opposing an unlawful
employment practice.

89.     The retaliation by Defendant was swift, immediate, and absolute.

90.     Defendant's rationale for its discrimination is not a legitimate non-
discriminatory reason for requiring its employees to work under such terms and
conditions.

91.     As a direct and proximate result of Defendant's wrongful acts,
Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits, and
has suffered mental anguish, physical and emotional distress, humiliation and
embarrassment, and loss of professional reputation.

**WHEREFORE,** Plaintiff, Brian Williams, respectfully requests that this
Honorable Court enter a judgment in his favor and against Defendant to fully
compensate him for any and all of his economic and non-economic damages, and
to award costs, and attorney fees, and grant such further and additional relief as
this Court deems just and equitable.

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

Respectfully submitted,

AKEEL & VALENTINE, PLC

/s/:  SHEREEF H. AKEEL
By:    Shereef H. Akeel (P54345)
       Adam S. Akeel (P81328)
       Attorneys for Plaintiffs
       888 West Big Beaver Road, Ste. 910
       Troy, MI  48084
       (248) 269-9595

DATED: August 18, 2017

AKEEL & VALENTINE, PLC  ▪  TROY, MICHIGAN 48084-4736  ▪  (248) 269-9595  ▪  FAX: (248) 269-9119
888 W. BIG BEAVER ROAD  ▪  SUITE 910  ▪  www.akeelvalentine.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN WILLIAMS, on behalf of
of himself, and all others similarly situated

                                                Case No.

        Plaintiff,                          Hon.
vs.

DEARBORN MOTORS 1, LLC

       Defendant.
_____

AKEEL & VALENTINE, PLC
Shereef H. Akeel (P54345)
Adam S. Akeel (P81328)
Attorney for Plaintiff
888 W. Big Beaver Road, Suite 910
Troy, MI 48084
(248) 269-9595
shereef@akeelvalentine.com
adam@akeelvalentine.com
_____

**JURY DEMAND**

    **NOW COMES** Plaintiff, BRIAN WILLIAMS, on behalf of himself and others similarly situated, and hereby demand a trial by jury in the above-captioned cause of action.

AKEEL & VALENTINE, PLC ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
888 W. BIG BEAVER ROAD ▪ www.akeelvalentine.com

Respectfully submitted,

AKEEL & VALENTINE, PLC

/s/:  SHEREEF H. AKEEL

By:    Shereef H. Akeel (P54345)
Adam S. Akeel (P81328)
Attorneys for Plaintiffs
888 West Big Beaver Road, Ste. 910
Troy, MI  48084
(248) 269-9595

DATED:  August 18, 2017

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com