# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

BRIAN WILLIAMS, and JAY HOWARD
on behalf of themselves, and all others similarly
situated

**CLASS ACTION**

Case No.  17-12724
Hon. Nancy G. Edmunds

       Plaintiffs,

vs.

DEARBORN MOTORS 1, LLC,
d/b/a, ALL PRO NISSAN OF DEABORN

      Defendant.

AKEEL & VALENTINE, PLC
Shereef H. Akeel (P54345)
Adam S. Akeel (P81328)
Attorney for Plaintiff
888 W. Big Beaver Road, Suite 910
Troy, MI 48084
(248) 269-9595
shereef@akeelvalentine.com
adam@akeelvalentine.com

AKEEL & VALENTINE, PLC ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ www.akeelvalentine.com

## FIRST AMENDED COMPLAINT

**NOW COMES** Plaintiffs, BRIAN WILLIAMS and JAY HOWARD,

individually and on behalf of themselves and others similarly situated, by and

through their attorneys, Akeel & Valentine, PLC and state as follows:

## NATURE OF CLAIM

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD • SUITE 910 • TROY, MICHIGAN 48084-4736 • (248) 269-9595 • FAX: (248) 269-9119
www.akeelvalentine.com

1.     This is a class action for declaratory and/or injunctive relief against Defendant, DEARBORN MOTORS 1, LLC, d/b/a, ALL PRO NISSAN OF DEARBORN, to redress the violations and threatened violations of the rights of Plaintiffs, Williams and Howard ("Plaintiff Reps"), and the class they represent (collectively hereinafter "Class", "Plaintiffs" or "Plaintiff Class") under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1990, as amended, and the Age Discrimination in Employment Act of 1967, as amended.

2.     Plaintiff Class also seek damages against Defendant to redress the violations and threatened violations of the rights of Plaintiffs under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1990, as amended, and the Age Discrimination in Employment Act of 1967, as amended.

3.     As Class Representatives, Plaintiffs, Williams and Howard, seek to represent all employees and former employees of Defendant, since December of 2015, who were required to sign Defendant's "Arbitration/Waiver of Class and Collective Actions/Attorney Fees and Costs" ("Waiver"), as a condition of employment or continued employment with Defendant.

## PARTIES AND JURISDICTION

4.      Plaintiff, BRIAN WILLIAMS, ("Williams") was an employee of Defendant at all relevant times herein, and is a resident of the State of Michigan.

5.      Plaintiff Williams' last day of employment with Defendant was on or about January 11, 2016.

6.      Plaintiff, JAY HOWARD ("Howard") was an employee of Defendant at all relevant times herein, and is a resident of the State of Michigan.

7.      Plaintiff Howard's last day of employment with Defendant was on or about May 2, 2017.

8.      Defendant, Dearborn Motors 1, LLC ("Dearborn Motors"), at all relevant times herein, was a Limited Liability Company organized under the laws of Delaware, with principle place of business and registered office in Dearborn, Michigan.

9.      This Honorable Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiffs' claims raise a federal question under 42 U.S.C. § 2000e-2, 29 U.S.C. § 623, and 42 U.S.C. § 12112.

10.     Venue is proper in this Honorable Court as Defendant conducts business within the Eastern District of Michigan and are subject to personal jurisdiction within the Eastern District of Michigan and a substantial part of the events giving rise to the claims alleged occurred in the Eastern District of Michigan, *see* 29 U.S.C. § 1391(b).

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

## STATEMENT OF FACTS

11.    On or about May 21, 2015, Plaintiff Williams, an African American, became employed with Defendant Dearborn Motors where he worked as a Porter.

12.    In December of 2015, Defendant provided all its employees with an "Arbitration/Waiver of Class and Collective Actions/Attorneys Fees and Cost" ("Waiver").    **(Ex. A)**. Defendant informed its employees that they had until December 31, 2015 to sign the Waiver.

13.    On January 5, 2016, Defendant instructed Plaintiff Williams that he would need to sign the Waiver if he were to remain employed with Defendant.

14.    This was after Plaintiff Williams returned from sick leave for his multiple ailments and disabilities, which include, among other things, Neuropathy, Epilepsy, Sickle Cell, and Depression.

15.    Plaintiff Williams informed Defendant that he would look over the Waiver and determine whether such terms were agreeable.

16.    On January 6, 2016, Plaintiff Williams was contacted by Defendant's CEO and was again instructed to sign the Waiver in order to remain employed with Defendant.

17.    Plaintiff Williams verbally opposed signing the Waiver and giving up his rights.

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD • SUITE 910 • TROY, MICHIGAN 48084-4736 • (248) 269-9595 • FAX: (248) 269-9119
www.akeelvalentine.com

18.    Defendant's CEO also sent Plaintiff Williams a letter making the same demand. (**Ex. B**)

19.    Plaintiff Williams knew, or had reason to know, that such a Waiver violated his rights, and he also knew, or had reason to know, that such a Waiver wrongfully sought to deny his, or limit his, access to legal rights.

20.    In the Waiver, Defendant sought to strip Plaintiff Williams (and did strip Plaintiff Class) of rights guaranteed under Federal Law.

21.    The Waiver sought to limit Plaintiff's legal rights by, among other things, 1) forcing Plaintiff to agree to submit any claims arising out of employment to exclusive and binding arbitration, 2) forcing Plaintiff to waive any rights to trial by jury, or to bring any claims in court, 3) forcing Plaintiff to agree to only assert claims on an individual basis, 4) forcing Plaintiff to agree to waive any right to seek class or collective action treatment for any claim he may have, 5) forcing Plaintiff to agree to waive any right he may have to participate in any class or collective action against Defendant or any employee or entity associated with Defendant, 6) forcing Plaintiff to agree to "OPT OUT" of any proceeding in which Plaintiff is made a member or part of a class, and 7) forcing Plaintiff to agree to waive any rights to any monetary recovery obtained by any third party on his behalf.

22.     Defendant demanded that all of its employees, including Plaintiffs Williams and Howard, sign the Waiver as a term and condition of employment and/or continued employment.

23.     Plaintiff Williams opposed such a demand because he believed it to be in violation of his legal rights.

24.     Therefore, Plaintiff Williams refused to sign the Waiver.

25.     On January 11, 2016, Plaintiff Williams was terminated for not signing the Waiver.

26.     Also on January 11, 2016, Plaintiff Williams filed a Charge with the EEOC because Defendant, among other things, retaliated against him for opposing a Waiver which was in violation of Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1990, as amended, the Equal Pay Act of 1963, the Age Discrimination in Employment Act of 1967, as amended, and the Genetic Information Non-disclosure Act of 2008 (**Ex. C**).

27.     Importantly, Plaintiff Williams notified the EEOC that all of Defendant's employees had been instructed to sign the Waiver in order to remain employed with Defendant; therefore, "all other employees have been denied access to legal rights" in violation of those same statutes.

28.     On October 5, 2016, the EEOC issued its letter of determination where it was found that "there is reasonable cause to believe Title VII of the Civil

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, as amended, the Americans with Disabilities Act of 1990, as amended, the Equal Pay Act of 1963, as amended, and the Genetic Information Non-Disclosure Act of 2008 *have been violated…*" (**Ex. D**).

29.    The EEOC stated, that their "Investigation revealed reasonable cause to believe [Plaintiff William's] allegations are true with respect to himself and a class of harmed parties."

30.    The EEOC thereafter sent Defendant a "Conciliation Agreement". (**Ex. E**).

31.    The Conciliation Agreement requested Defendant to 1) compensate Plaintiff Williams in the amount of $19,067 in Back Pay, 2) reinstate Plaintiff Williams to his former position with no loss of seniority, work hours or pay, 3) compensate Plaintiff Williams in the amount of $10,000 Compensatory Damages, and 4) pay all reasonable and customary legal fees incurred by Plaintiff Williams. (**Ex. E**, p. 4)

32.    The Agreement would also require Defendant to destroy all Waivers and to provide written notification to each of its employees that the Waiver is no longer in effect. (**Ex. E**, p. 5).

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

33.     The Agreement further requested relief on behalf of every employee that was forced to sign the Waivers as a condition of employment, in the form of $900 per employee. (**Ex. E,** p. 5).

34.     Defendant did not agree to the Conciliation Agreement, and failed to compensate Plaintiff Williams, or Plaintiff Class.

35.     Upon information and belief, Defendant still implements the illegal Waiver as a term and condition of employment.

36.     In or around October of 2016, Plaintiff Williams applied for Unemployment Insurance with the Unemployment Insurance Agency ("UIA").

37.     Upon information and belief, in or around November of 2016, Defendant informed UIA that Plaintiff Williams had quit his employment and/or was discharged for misconduct in that Plaintiff Williams failed to sign the Waiver.

38.     On January 19, 2017, the State of Michigan denied Plaintiff Williams his unemployment benefits because, according to Defendant, Plaintiff Williams had been fired for misconduct in violation of company policy. (**Ex. F,** State Denial).

39.     Plaintiff Williams obtained his Right to Sue letters on March 23, 2017 and July 5, 2017. (**Ex. G,** Right to Sue Letters).

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9119 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

40.    On or about June 18, 2015, Plaintiff Howard, an African American, became employed with Defendant Dearborn Motors where he worked as a Mechanic.

41.    In or around December 2015, Defendant demanded that Plaintiff Howard sign the Waiver in order to remain employed with Defendant.    Plaintiff Howard complied in order to keep his job.

42.    In or around January 2016, Plaintiff Howard complained of race based issues to Defendant, including the fact that Caucasians are paid at a higher rate than their African American counter-parts.

43.    On February 16, 2016, Plaintiff Howard filed a Charge of Discrimination with the EEOC for 1) being subjected to different terms and conditions of employment, due to his race, 2) being retaliated against for complaining about being subjected to different terms and conditions of employment, due to race, and 3) being forced to sign the Waiver. (**Ex. H**, Howard EEOC Charge).

44.    On October 5, 2016, the EEOC issued a Letter of Determination where it found "reasonable cause to believe Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, as amended, the Americans with Disabilities Act of 1990, as amended, the Equal Pay

Act of 1963, as amended, and the Genetic Information Non-disclosure Act of 2008 *have been violated…*" (**Ex. I,** Howard Letter of Determination)

45.    The Letter also stated that there is reasonable cause to believe that Plaintiff Howard "was subjected to different terms and conditions of employment, lower wages and discharged due to his race, African American…[and that] he suffered retaliation for complaining of race based decimation."

46.    The EEOC also found reasonable cause to believe "he and others were forced to sign a waiver of their access to legal rights, in violation of Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, as amended, the American with Disabilities Act of 1990, as amended, the Equal Pay Act of 1963, as amended, and the Genetic Information Non-disclosure Act of 2008."

47.    The EEOC also sent Defendant a Conciliation Agreement (for Plaintiff Howard's matter) where it was requested that Defendant provide Plaintiff Howard relief in the form of 1) $38,955 to compensate Plaintiff Howard for discriminating against him in the form of wages, 2) $17,576 due to retaliation suffered from October 5, 2016 to January 1, 2016, 3) $3,000 in Compensatory damages, 4) $5,000 in Punitive damages, 5) expungement of Waivers, and 6) all reasonable and customary legal fees.    (**Ex. J,** p. 3, Howard Conciliation Agreement).

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-4736 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9119 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

48.     Subsequently, Defendant informed Plaintiff Howard that "*there is no way in the world*" Defendant was going to pay Plaintiff Howard "*that ridiculous amount of money*" requested by the EEOC and that he "*would continue to fight [the EEOC] to the end of this world*" or until he "*turns blue in the face.*"

49.     On May 2, 2017, Defendant terminated Plaintiff Howard.

50.     On May 25, 2017, the EEOC issued a Right to Sue Letter to Plaintiff Howard because the EEOC "could not obtain a settlement with the Respondent that would provide relief…" (**Ex. K**, Howard Right to Sue).

51.     On August 4, 2017, Plaintiff Howard amended his original charge to include additional violations of Title VII. (**Ex. H**).

## CLASS ACTION ALLEGATIONS

52.     Plaintiffs incorporate by reference the foregoing paragraphs, as though fully set forth herein.

53.     Plaintiff Williams and Plaintiff Howard, brings this action pursuant to Fed. R. Civ. P. 23(b)(2), (b)(3), and 29 U.S.C. § 216(b) on their own behalf and on the behalf of:

    a. All employees of Defendant who were required to sign Defendant's "Arbitration/Waiver of Class and Collective Actions/Attorney Fees and Costs" similar to the attached Exhibit A, as a condition of

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9119 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

employment or continued employment with Defendant since December of 2015.

Plaintiffs reserve the right to amend this definition as necessary.

54.   Defendant's pattern and practice, and/or, policy explicitly denies Plaintiff Class access to legal rights otherwise afforded under Federal Law.

55.   Plaintiffs seek to maintain this class, pursuant to Federal Rules of Civil Procedure 23, on the issues of whether Defendant engaged in acts prohibited under anti-discrimination laws and whether Defendant should be enjoined from continuing its discriminatory practices.

56.   Plaintiffs also seek to maintain this collective action, pursuant to 29 U.S.C. § 216(b), on the issues of whether Defendant engaged in acts prohibited under anti-discrimination laws and whether Defendant should be enjoined from continuing its illegal employment practices.

57.   The Class is so numerous that joinder of all members is impracticable.

58.   Common questions of fact and law exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.

59.   Among the questions of law and fact in common to Plaintiff Class is whether Defendant violated 1) Title VII, 42 U.S.C. § 2000e-2(a)(2), by limiting Plaintiffs in a way which would deprive or tend to deprive an individual of

employment opportunities, 2) ADEA, 29 U.S.C. § 623(a)(2), by limiting Plaintiffs in a way which would deprive or tend to deprive an individual of employment opportunities or otherwise adversely affect his/her employment, and 3) ADA, 42 U.S.C. §12112, by limiting Plaintiffs in a way that adversely affects opportunities or status of employees, and by participating in a contractual or other arrangement or relationship that has the effect of subjecting an employee with a disability to discrimination prohibited by the statute.

60.     Plaintiffs, Williams and Howard, claims are typical of the claims of the members of the Class, and they are adequate representative of Plaintiffs.

61.     Plaintiffs, Williams and Howard, and members of their Class have sustained damages because of Defendant's unlawful activities alleged herein.

62.     Plaintiffs have retained counsel, competent and experienced in employment, civil rights, and discrimination litigation, and intend to prosecute this action vigorously.

63.     Plaintiffs seek a declaration that their rights were violated, and an injunction preventing Defendant from implementing such illegal terms and conditions in the workplace.

64.     Plaintiffs also seek punitive damages, and attorney fees and costs to help ensure Defendant will not subject future workers to the same illegal conduct in the future.

AKEEL & VALENTINE, PLC ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ www.akeelvalentine.com

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

65.    Plaintiff Williams also seeks compensatory damages for having been retaliated against for opposing terms of employment which were in violation of Title VII, the ADEA, and the ADA.

66.    Plaintiff Howard also seeks compensatory damages for having been discriminated against on the basis of wages, and for being retaliated against for engaging in protected activities.

## COUNT I
## DISCRIMINATION IN VIOLATION
## OF TITLE VII OF THE CIVLL RIGHTS ACT

67.    Plaintiffs incorporate by reference the foregoing paragraphs, as though fully set forth herein.

68.    At all material times, Defendant was an employer, covered by and within the meaning of Title VII of the Civil Rights Act of 1964, as amended.

69.    Defendant subjected its employees to an unlawful employment practice by forcing Plaintiffs to sign the illegal Waiver for employment, and by limiting their access and/or tending to deny access to legal rights guaranteed under Title VII.

70.    Defendant's rationale for its discrimination is not a legitimate non-discriminatory reason for requiring its employees to work under such terms and conditions.

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-4736 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

71.     As a result of Defendant's discriminatory policy, Plaintiffs have been denied access to legal rights, and subjected to terms and conditions which would deprive or tend to deprive one of rights afforded under Title VII.

72.     Defendant's discriminatory policy illegally interferes with the EEOC's enforcement powers.

73.     Upon information and belief Plaintiffs were subjected to differential pay practices based on race, African American.

**WHEREFORE**, Plaintiffs request this Honorable Court award judgment against Defendant for punitive damages, and related loss of pay resulting from Defendant's illegal terms of employment, in whatever amount the jury finds necessary, in addition to interest and attorney fees, as allowed under the Act, plus (1) declaratory relief recognizing that Defendant has unlawfully discriminated against the Class by requiring its employees to work under illegal terms and conditions; (2) injunctive relief prohibiting Defendant from requiring its employees to contract under such terms and ending the discriminatory policies described herein; and (3) an award of costs, interest and attorney fees.

## COUNT II
## DISCRIMINATION IN VIOLATION
## OF THE AMERICANS WITH DISABILITIES ACT

74.     Plaintiffs incorporate by reference the foregoing paragraphs, as though fully set forth herein.

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9119 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

75.     Defendant subjected its employees, including Plaintiff Class, to an unlawful employment practice by limiting their access and/or tending to deny access to legal rights guaranteed under the ADA.

76.     Defendant's rationale for its discrimination is not a legitimate non-discriminatory reason for requiring its employees to work under such terms and conditions.

77.     As a result of Defendant's discriminatory policy, Plaintiffs have been denied access to legal rights, and subjected to terms and conditions which would tend to deprive one of rights afforded by the ADA.

78.     Defendant's discriminatory policy illegally interferes with the EEOC's enforcement powers.

**WHEREFORE**, Plaintiffs request this Honorable Court award judgment against Defendant for punitive damages, and related loss of pay resulting from Defendant's illegal terms of employment, in whatever amount the jury finds necessary, in addition to interest and attorney fees, as allowed under the Act, plus (1) declaratory relief recognizing that Defendant has unlawfully discriminated against the Class by requiring its employees to work under illegal terms and conditions; (2) injunctive relief prohibiting Defendant from requiring its employees to contract under such terms and ending the discriminatory policies described herein; and (3) an award of costs, interest and attorney fees.

## COUNT III
## DISCRIMINATION IN VIOLATION
## OF THE AGE DISCRIMINATON IN EMPLOYMENT ACT

79.     Plaintiffs incorporate by reference the foregoing paragraphs, as though fully set forth herein.

80.     Defendant subjected its employees, including Plaintiff Class, to an unlawful employment practice by limiting their access, and/or tending to deny access to legal rights guaranteed under the ADEA.

81.     Defendant's rationale for its discrimination is not a legitimate non-discriminatory reason for requiring its employees to work under such terms and conditions.

82.     As a result of Defendant's discriminatory policy, Plaintiffs have been denied access to legal rights, and subjected to terms and conditions which would tend to deprive one of rights afforded by the ADEA.

83.     Defendant's discriminatory policy illegally interferes with the EEOC's enforcement powers.

**WHEREFORE**, Plaintiffs request this Honorable Court award judgment against Defendant for punitive damages, and related loss of pay resulting from Defendant's illegal terms of employment, in whatever amount the jury finds necessary, in addition to interest and attorney fees, as allowed under the Act, plus (1) declaratory relief recognizing that Defendant has unlawfully discriminated

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

against the Class by requiring its employees to work under illegal terms and conditions; (2) injunctive relief prohibiting Defendant from requiring its employees to contract under such terms and ending the discriminatory policies described herein; and (3) an award of costs, interest and attorney fees.

<div align="center">

**COUNT IV**
**RETALIATION IN VIOLATION**
**OF TITLE VII OF THE CIVIL RIGHTS ACT**
**(Only Plaintiff Williams and Howard)**

</div>

84.    Plaintiff Williams incorporate by reference the foregoing paragraphs, as though fully set forth herein.

85.    Plaintiff Williams is an African American male.

86.    Plaintiff Williams opposed an unlawful employment practice implemented by Defendant.

87.    Defendant's Waiver contains terms and conditions of employment that are in violation of Title VII.

88.    Defendant had knowledge that Plaintiff Williams opposed the implementation of its Waiver policy because of its illegal terms and conditions.

89.    Plaintiff Howard is an African American male.

90.    Plaintiff Howard opposed Defendant's unlawful employment practice.

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

91.     Defendant had knowledge that Plaintiff Howard opposed such an unlawful practice.

92.     Defendant had knowledge that Plaintiff Howard engaged in a protected activity.

93.     Defendant terminated Plaintiff Williams and Plaintiff Howard in retaliation for opposing an unlawful employment practice, and/or engaging in protected activities.

94.     The retaliation by Defendant was swift, immediate, and absolute.

95.     Defendant's rationale for its discrimination is not a legitimate non-discriminatory reason for requiring its employees to work under such terms and conditions.

96.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff Williams and Howard have sustained loss of earnings, earning capacity, and fringe benefits, and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

**WHEREFORE,** Plaintiff, Brian Williams and Jay Howard, respectfully request that this Honorable Court enter a judgment in their favor and against Defendant to fully compensate them for any and all of his economic and non-economic damages, and to award costs, and attorney fees, and grant such further and additional relief as this Court deems just and equitable.

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9119 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

## COUNT V
## RETALIATION IN VIOLATION
## OF THE AGE DISCRIMINATON IN EMPLOYMENT ACT
### (Only Plaintiffs Williams)

97.     Plaintiffs incorporate by reference the foregoing paragraphs, as though fully set forth herein.

98.     Plaintiff Williams is over the age of 40 years old.

99.     Plaintiff Williams opposed an unlawful employment practice implemented by Defendant.

100.   Defendant's Waiver contains terms and conditions of employment that are in violation of the ADEA.

101.   Defendant had knowledge that Defendant opposed the implementation of its Waiver policy because of its illegal terms and conditions.

102.   Defendant terminated Plaintiff Williams in retaliation for opposing an unlawful employment practice.

103.   The retaliation by Defendant was swift, immediate, and absolute.

104.   Defendant's rationale for its discrimination is not a legitimate non-discriminatory reason for requiring its employees to work under such terms and conditions.

105.   As a direct and proximate result of Defendant's wrongful acts, Plaintiff Williams has sustained loss of earnings, earning capacity, and fringe

benefits, and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

**WHEREFORE,** Plaintiff, Brian Williams, respectfully requests that this Honorable Court enter a judgment in his favor and against Defendant to fully compensate him for any and all of his economic and non-economic damages, and to award costs, and attorney fees, and grant such further and additional relief as this Court deems just and equitable.

## COUNT VI
## RETALIATION IN VIOLATION
## OF THE AMERICANS WITH DISABILITIES ACT
### (Only Plaintiff Williams)

106.  Plaintiffs incorporate by reference the foregoing paragraphs, as though fully set forth herein.

107.  Plaintiff Williams suffers from a disability as defined under the ADA.

108.  Plaintiff Williams opposed an unlawful employment practice implemented by Defendant.

109.  Defendant's Waiver contains terms and conditions of employment that are in violation of the ADA.

110.  Defendant had knowledge that Defendant opposed the implementation of its Waiver policy because of its illegal terms and conditions.

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9119 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9119 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

111. Defendant terminated Plaintiff Williams in retaliation for opposing an unlawful employment practice.

112. The retaliation by Defendant was swift, immediate, and absolute.

113. Defendant's rationale for its discrimination is not a legitimate non-discriminatory reason for requiring its employees to work under such terms and conditions.

114. As a direct and proximate result of Defendant's wrongful acts, Plaintiff Williams has sustained loss of earnings, earning capacity, and fringe benefits, and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

**WHEREFORE,** Plaintiff, Brian Williams, respectfully requests that this Honorable Court enter a judgment in his favor and against Defendant to fully compensate him for any and all of his economic and non-economic damages, and to award costs, and attorney fees, and grant such further and additional relief as this Court deems just and equitable.

## COUNT VII
## RACE DISCRIMINATION IN
## VIOLATION OF ELCRA, M.C.L. 37.2101
### (Plaintiff Howard Only)

115. Plaintiff Howard incorporates by reference the foregoing paragraphs, as though fully set forth herein.

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ■ SUITE 910 ■ TROY, MICHIGAN 48084-4736 ■ (248) 269-9595 ■ FAX: (248) 269-9119
www.akeelvalentine.com

116.   Plaintiff Howard was subjected to differential pay practices based on his race, African American.

117.   Plaintiff Howard was subjected to differential treatment and working conditions then similarly situated non-African American mechanics.

118.   Defendant's rationale for its discrimination is not a legitimate non-discriminatory reason for requiring its employees to work under such terms and conditions.

119.   Aa direct and proximate result of Defendant's wrongful acts, Plaintiff Howard has sustained loss of earnings, earning capacity, and fringe benefits, and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

**WHEREFORE,** Plaintiff, Jay Howard, respectfully requests that this Honorable Court enter a judgment in his favor and against Defendant to fully compensate him for any and all of his economic and non-economic damages, and to award costs, and attorney fees, and grant such further and additional relief as this Court deems just and equitable.

### COUNT VIII
### RETALIATION IN VIOLATION
### OF ELCRA, M.C.L. 37.2101 et seq.
### (Plaintiff Howard Only)

120.   Plaintiff Howard, incorporates by reference the foregoing paragraphs, as though fully set forth herein.

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

121.  Plaintiff Howard is an African American male.

122.  Plaintiff Howard opposed Defendant's unlawful employment practice.

123.  Defendant had knowledge that Plaintiff Howard opposed such an unlawful practice.

124.  Defendant had knowledge that Plaintiff Howard engaged in a protected activity.

125.  Defendant terminated Plaintiff Howard in retaliation for opposing an unlawful employment practice, and/or engaging in protected activities.

126.  The retaliation by Defendant was swift, immediate, and absolute.

127.  Defendant's rationale for its discrimination is not a legitimate non-discriminatory reason for requiring its employees to work under such terms and conditions.

128.  As a direct and proximate result of Defendant's wrongful acts, Plaintiff Howard has sustained loss of earnings, earning capacity, and fringe benefits, and has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

**WHEREFORE,** Plaintiff, Jay Howard, respectfully request that this Honorable Court enter a judgment in their favor and against Defendant to fully compensate them for any and all of his economic and non-economic damages, and

to award costs, and attorney fees, and grant such further and additional relief as

this Court deems just and equitable.

<div style="margin-left: 40%;">

Respectfully submitted,

AKEEL & VALENTINE, PLC

/s/:  SHEREEF H. AKEEL

By:  Shereef H. Akeel (P54345)
Adam S. Akeel (P81328)
Attorneys for Plaintiffs
888 West Big Beaver Road, Ste. 910
Troy, MI  48084
(248) 269-9595

</div>

DATED: August 23, 2017

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN WILLIAMS, and JAY HOWARD
on behalf of themselves, and all others similarly        **CLASS ACTION**
situated

Case No. 17-12724
Hon. Nancy G. Edmunds

     Plaintiffs,

vs.

DEARBORN MOTORS 1, LLC,
d/b/a, ALL PRO NISSAN OF DEABORN

    Defendant.

AKEEL & VALENTINE, PLC
Shereef H. Akeel (P54345)
Adam S. Akeel (P81328)
Attorney for Plaintiff
888 W. Big Beaver Road, Suite 910
Troy, MI 48084
(248) 269-9595
shereef@akeelvalentine.com
adam@akeelvalentine.com

AKEEL & VALENTINE, PLC • TROY, MICHIGAN 48084-4736 • (248) 269-9595 • FAX: (248) 269-9119
www.akeelvalentine.com
888 W. BIG BEAVER ROAD • SUITE 910

**JURY DEMAND**

**NOW COMES** Plaintiffs, BRIAN WILLIAMS and JAY HOWARD, on behalf of themselves and others similarly situated, and hereby demand a trial by jury in the above-captioned cause of action.

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

Respectfully submitted,

AKEEL & VALENTINE, PLC

/s/:  SHEREEF H. AKEEL
By:     Shereef H. Akeel (P54345)
        Adam S. Akeel (P81328)
        Attorneys for Plaintiffs
        888 West Big Beaver Road, Ste. 910
        Troy, MI  48084
        (248) 269-9595

DATED:  August 23, 2017