UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN WILLIAMS, and JAY HOWARD
on behalf of themselves, and all
others similarly situated,

**CLASS ACTION**

      Plaintiffs,

Case No.  17-12724

vs.

Hon. Nancy G. Edmunds

DEARBORN MOTORS 1, LLC,
d/b/a, ALL PRO NISSAN OF DEABORN

      Defendant.

| | |
|---|---|
| AKEEL & VALENTINE, PLC<br>Shereef H. Akeel (P54345)<br>Adam S. Akeel (P81328)<br>Attorney for Plaintiff<br>888 W. Big Beaver Road, Suite 910<br>Troy, MI 48084<br>(248) 269-9595<br>shereef@akeelvalentine.com<br>adam@akeelvalentine.com | NEMETH LAW, P.C.<br>Susan D. Koval (P59297)<br>Attorney for Defendant<br>200 Talon Centre Drive, Ste. 200<br>Detroit, MI 48207<br>(313) 567-5921<br>skoval@nemethlawpc.com |

## <u>PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CLASS CLAIMS AND TO COMPEL ARBITRATION OF PLAINTIFF HOWARD'S INDIVIDUAL CLAIMS</u>

**NOW COMES** Plaintiffs, BRIAN WILLIAMS and JAY HOWARD, by

and through their attorneys, AKEEL & VALENTINE, PLC, and hereby submits

their response to Defendant's motion to dismiss Plaintiffs' claims and to compel

arbitration of Plaintiff Howard's individual claims.  For the reasons stated in their

Brief in Support, Plaintiffs respectfully requests that this Honorable Court **DENY**

AKEEL & VALENTINE, PLC ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪

Defendant's Motions in its entirety, to award Judgment on the Pleadings as to Plaintiff Brian Williams, and find Defendant's Arbitration Agreement illegal and unenforceable as a matter of law.

Respectfully submitted,

AKEEL & VALENTINE, PLC

By: /s/:  Shereef H. Akeel
    SHEREEF H. AKEEL (P54345)
    ADAM S. AKEEL (P81328)
    Attorneys for Plaintiff
    888 West Big Beaver Road, Suite 910
    Troy, MI  48084
    (248) 269-9595
    shereef@akeelvalentine.com
    adam@akeelvalentine.com

Dated: January 5, 2018

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN WILLIAMS, and JAY HOWARD
on behalf of themselves, and all
others similarly situated,

**CLASS ACTION**

Plaintiffs,

Case No.  17-12724

Hon. Nancy G. Edmunds

vs.

DEARBORN MOTORS 1, LLC,
d/b/a, ALL PRO NISSAN OF DEABORN

Defendant.

| AKEEL & VALENTINE, PLC | NEMETH LAW, P.C. |
|---|---|
| Shereef H. Akeel (P54345) | Susan D. Koval (P59297) |
| Adam S. Akeel (P81328) | Attorney for Defendant |
| Attorney for Plaintiff | 200 Talon Centre Drive, Ste. 200 |
| 888 W. Big Beaver Road, Suite 910 | Detroit, MI 48207 |
| Troy, MI 48084 | (313) 567-5921 |
| (248) 269-9595 | skoval@nemethlawpc.com |
| shereef@akeelvalentine.com | |
| adam@akeelvalentine.com | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CLASS CLAIMS AND TO COMPEL ARBITRATION OF PLAINTIFF HOWARD'S INDIVIDUAL CLAIMS

AKEEL & VALENTINE, PLC
TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ www.akeelvalentine.com

## <u>TABLE OF CONTENTS</u>

ISSUES PRESENTED........................................................................................vi

TABLE OF AUTHORITIES..............................................................................vii

INTRODUCTION..................................................................................................1

APPLICABLE FACTS..........................................................................................2

APPLICABLE LAW AND ARGUMENT.............................................................4

ARGUMENT..........................................................................................................6

    I. PURSUANT TO RECENTLY PUBLISHED SIXTH CIRCUIT LAW, DEFENDANT'S ARBITRATION PROVISION IS ILLEGAL AND UNENFORCEABLE UNDER NLRA AND FAA, THUS HOWARD, AND PLAINTIFF CLASS CAN PURSUE THEIR CLAIMS IN COURT........................................................................................................7

    II. DEFENDANT'S ARBITRATION AGREEMENT ALSO VIOLATES TITLE VII, THE ADA, AND THE ADEA WITH A MANDATORY OPT-OUT PROVISION.........................................................................10

        A. The Explicit Terms of Title VII and the Enforcement Powers of the EEOC Renders Defendant's Arbitration Agreement Illegal and Unenforceable.........................................................................12

        B. The Explicit Terms of the Americans with Disabilities Act ("ADA"), Also Renders Defendant's Arbitration Agreement Illegal and Unenforceable.........................................................................18

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9119
www.akeelvalentine.com

C. The Explicit Terms of the Age Discrimination and Employment Act ("ADEA"), Likewise, Renders Defendant's Arbitration Agreement Illegal and Unenforceable…………………………………..……………21

III. PLAINTIFF WILLIAMS IS ENTITLED TO JUDGMENT AS A MATTER OF LAW……………………………………………………23

CONCLUSION…………………………………………………………24

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

**ISSUES PRESENTED**

I.  Under the National Labor Relations Act ("NLRA"), employees have the right to engage in concerted and collective activities against their employer.  Under the Federal Arbitration Act ("FAA"), an arbitration agreement which contains terms and conditions that are explicitly illegal under a federal statute is invalid and unenforceable.  Defendant's arbitration agreement prohibits employees from engaging in class or collective activities against their employer, which is illegal under the NLRA.  Therefore, is Defendant's arbitration agreement invalid and unenforceable under the FAA?

   Plaintiff's Answer:          YES.

II. Under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Age Discrimination and Employment Act ("ADEA"), an employee must file a Charge of Discrimination with the EEOC in order to seek redress for violations under those statutes.  After an employee files a Charge of Discrimination, the EEOC maintains exclusive jurisdiction, and can seek relief on behalf of an aggrieved individual, or a class of aggrieved individuals.  Once the EEOC files a complaint in federal court, the aggrieved individual(s) cannot pursue an individual, or duplicitous, cause of action.  Further, under Title VII, the ADA, and the ADEA, an employer cannot limit an employee in any way which would tend to deprive that employee of any rights under the statute.  Also, under those statutes, an employer cannot interfere with an employee's right to participate in any proceeding under the statutes.  Defendant's arbitration agreement requires all employees to "Opt-Out" of "any proceeding" brought by a third-party on that employees behalf.  Therefore, is Defendant's arbitration agreement illegal under Title VII, the ADA, and the ADEA, rendering it invalid and unenforceable under the FAA?

   Plaintiff's Answer:          YES.

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9119 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

# TABLE OF AUTHORITIES

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

**Cases**

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*,
   134 S. Ct. 568 (2013) ........................................................................5

*Am. Express Co. v. Italian Colors Rest.*,
   133 S.Ct. 2304 (2013)........................................................................7

*AT&T Mobility, LLC v. Concepcion*,
   563 U.S. 333 (2011)..........................................................................7

*Brady v. Nat'l Football League*,
   644 F.3d 661 (8th Cir. 2011)..........................................................9

*Brooklyn Savings Bank v. O'Neil*,
   324 U.S. 697 (1945) ........................................................................20

*Directv, Inc. v. Treesh*,
   487 F.3d 471 (6th Cir. 2007)...........................................................4

*E.E.O.C. v. Frank's Nursery & Crafts, Inc.*,
   177 F.3d 448 (6th Cir. 1999)...............................................passim

*E.E.O.C. v. Monarch Mach. Tool Co.*,
   737 F.2d (6th 1980)........................................................................14

*E.E.O.C. v. Ranir, LLC*,
   2012 WL 381339 (W.D. Mich. Feb. 6, 2012).............................15

*E.E.O.C. v. Rent-a-Ctr., Inc.*,
   2002 WL 1482534 (W.D. Tenn. Feb. 20, 2002)........................14

*E.E.O.C. v. SunDance Rehab. Corp.*,
   466 F.3d 490 (6th Cir. 2006)...............................................16,17, 18

*E.E.O.C. v Waffle House, Inc.*,
   534 U.S. 279 (2002) ...............................................................14, 19

*EEOC v. Astra USA, Inc.*,
   94 F.3d 738 (1st Cir. 1996)...........................................................20

*Equal Employment Opportunity Commission v. Kimberly-Clark Corporation*,
   511 F.2d 1352 (6th Cir. 1975)......................................................13

*Gaffers v. Kelly Services, Inc.*,
   203 F.Supp.3d 829 (E.D. Mich. 2016)..........................................8

*Gen. Tel. Co. of the Nw. v. Equal Employment Opportunity Comm'n,*
    446 U.S. 318 (1980). ........................................................................................ 14

*Gilmer v. Interstate/Johnson Lane Corp.,*
    500 U.S. 20 (1991) ........................................................................ 3, 10, 11, 14

*Legrand v. Intellicorp Records, Inc.,*
    2016 WL 1161817 (N.D. Ohio Mar. 24, 2016) ........................................... 5

*Meritor Sav. Bank, FSB v. Vinson,*
    477 U.S. 57 (1986) ..................................................................................... 19

*Nat'l Labor Relations Bd. v. Alternative Entm't, Inc.,*
    858 F.3d 393 (6th Cir. 2017) ............................................................. passim

*Skidmore v. Swift & Co.,*
    323 U.S. 134 (1944) ................................................................................... 19

*SolarCity Corp. and Anita Beth Irving,*
    363 N.L.R.B. 83, 2015 WL 9315535 (Dec. 22, 2015) ............................... 9

*Town of Newton v. Rumery,*
    480 U.S. 386 (1987) ................................................................................... 15

*Watson v. Fuller Brush Co.,*
    570 F. Supp. 1299 (W.D. Mich. 1983) ...................................................... 4

*Weathers v. Peters Realty Corp.,*
    499 F.2d 1197 (6th Cir. 1974) ................................................................. 5, 7

*White v. Burlington Northern & Santa Fe Ry. Co.,*
    364 F.3d 789 (6th Cir.2004) ..................................................................... 19

*Windsor v. The Tennessean,*
    719 F.2d 155 (6th Cir. 1983) ...................................................................... 4

Statutes

9 U.S.C. § 2 .................................................................................................... 10
28 U.S.C. § 1391 (2006 ed., Supp. V) ............................................................ 5
29 U.S.C. §626(f)(4) ..................................................................................... 21
29 U.S.C.A. § 623 ......................................................................................... 21
29 U.S.C.A. § 623(d) .................................................................................... 21
29 U.S.C.A. § 626 ......................................................................................... 21
42 U.S.C. § 12117(a) .................................................................................... 19
42 U.S.C.A. § 2000e-2 .................................................................................. 12
42 U.S.C.A. § 2000e-3 .............................................................................. 12, 17

AKEEL & VALENTINE, PLC ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
888 W. BIG BEAVER ROAD ▪ www.akeelvalentine.com

42 U.S.C.A. § 2000e-5 ................................................................ 12, 13
42 U.S.C.A. § 12117 ........................................................................ 18
42 U.S.C.A. § 12203(a) .................................................................... 18
§ 1391(a)(1) ...................................................................................... 5
§ 1391(b)............................................................................................ 5

Rules

Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6) ............................... 4
Federal Rules of Civil Procedure 12(c)............................................ 23
Rule 12(b)(3) ...................................................................................... 5
Rule 12(b)(6) ...................................................................................... 4

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

x

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

## **INTRODUCTION**

There are two named Plaintiffs in this employment class action brought pursuant to Title VII, the ADA, and the ADEA. One Plaintiff, Jay Howard, signed an arbitration agreement. The other Plaintiff, Brian Williams, refused to sign the agreement and as result was undisputedly fired for not signing. Regardless, as will be discussed, whether an arbitration agreement was signed or not, it makes no difference as Defendant's arbitration agreement is illegal under each federal statute. Further, because Defendant admitted in its Answer to the Complaint that it fired Williams for not signing the arbitration agreement, he is entitled to judgment on the pleadings.

Defendant seeks two primary forms of relief – first, Defendant requests that this Honorable Court strike all class action allegations from Plaintiffs' Complaint, and second, Defendant requests that this Court compel Plaintiff Howard to litigate his claims in arbitration, on an individual basis.

First of all, as plead in Plaintiffs' Complaint, the EEOC has already found in favor of both Plaintiffs finding reasonable cause that their federal rights were violated by, among other things, forcing Plaintiffs to sign the arbitration agreement as a term and condition of continued employment. Additionally, the majority of Defendant's brief discusses whether it is permissible for an employer to require an

1

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

employee to arbitrate a claim under Title VII, the ADA, or the ADEA. This is not an issue in this case.

As will be discussed, Plaintiffs are not arguing whether mandatory arbitration is in tension with the underlying policy of Title VII, the ADA, or the ADEA; rather, Plaintiffs challenge the legality of the material terms contained in this specific arbitration agreement drafted by Defendant. First, it is Plaintiffs' contention that Defendant's arbitration agreement is illegal and unenforceable because it requires employees to waive any right to engage in concerted activities, which is otherwise provided for under federal law including recent binding Sixth Circuit precedent. Second, it is Plaintiffs' contention that Defendant's arbitration agreement is illegal and unenforceable because it requires employees to waive any right to participate in any proceeding commenced by a third-party – which includes the EEOC. Third, and finally, it is Plaintiffs' contention that Defendant's arbitration agreement is illegal and unenforceable because it improperly interferes with the EEOC's enforcement powers by limiting the EEOC's ability to pursue and\or obtain class-wide relief on behalf of aggrieved individuals.

## APPLICABLE FACTS

Plaintiff, Williams, began employment with Defendant on May 21, 2015. (Dkt. 3, PgID #56). In December of 2015, Defendant provided all its employees with the arbitration agreement in question in this suit. (*Id.*). Defendant demanded

2

that all its employees sign the agreement in order to remain employed. (*Id.* at 58). Plaintiff Williams opposed such a demand because he believed it to be in violation of his federal rights. (*Id.*). As admitted already by Defendant, Plaintiff was terminated for refusing to sign the arbitration agreement. (Dkt. 9, PgID #176).

On January 11, 2016, Williams filed a charge with the EEOC, alleging discrimination under Title VII, the ADA, and the ADEA. (Dkt. 3-3). On October 5, 2016, the EEOC found in favor of Williams by finding reasonable cause to believe his federal rights were violated under all three federal statutes. (Dkt. 3-4).

Plaintiff Howard did sign Defendant's arbitration agreement. (Dkt. 3, PgID #61). Plaintiff Howard also filed a Charge of Discrimination with the EEOC, alleging discrimination and retaliation under Title VII for being subjected to different terms and conditions of employment due to race, and opposing such terms and conditions. (Dkt. 3-8). Further, and similar to Plaintiff Williams, Plaintiff Howard also alleged violations of his rights under federal law for being forced to sign the arbitration agreement as a term and condition of employment. (*Id.*). Like Plaintiff Williams, the EEOC also found in favor of Plaintiff Howard. (Dkt. 3-10).

This lawsuit is on behalf of all employees of Defendant that were forced to sign the arbitration agreement in violation of Title VII, the ADA, and the ADEA. (see Count I – Count III). Plaintiff Williams also asserts individual violations of Title VII, the ADEA, and the ADA. (see Counts IV – VI). Plaintiff Howard also

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

3

asserts individual violations of Title VII, discrimination in violation of the Elliot-Larsen Civil Rights Act (ELCRA), and retaliation in violation of ELCRA. (see Counts IV, Count VII, and Count VIII).

## APPLICABLE LAW AND ARGUMENT

Defendant's motion is brought pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6). The standards for each are briefly provided below.

"In deciding a motion to dismiss under Rule 12(b)(6), the Court will construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted).

"The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983) (citations and quotations omitted). "As the Sixth Circuit has stated, case[s] brought under the Civil Rights Act should not be dismissed at the pleading stage unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the] claim. To this end, motions to dismiss complaints under the civil rights acts are scrutinized with special care." *Watson v. Fuller Brush Co.*, 570 F. Supp. 1299, 1300 (W.D. Mich. 1983) (citations and quotations omitted).

4

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

With regards to Defendant's Rule 12(b)(3) motion, the Supreme Court recently explained,

> Rule 12(b)(3) states that a party may move to dismiss a case for "improper venue." These provisions therefore authorize dismissal only when venue is "wrong" or "improper" in the forum in which it was brought.  This question—whether venue is "wrong" or "improper"—is generally governed by 28 U.S.C. § 1391 (2006 ed., Supp. V).  That provision states that "[e]xcept as otherwise provided by law ... this section shall govern the venue of all civil actions brought in district courts of the United States." § 1391(a)(1) (emphasis added)...When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a). Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b). As a result, *a case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3).*

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568 (2013) (emphasis added).

"Generally the courts within the Sixth Circuit recommend a district court should defer its decision on class certification until after discovery... [S]triking a plaintiff's class allegations prior to discovery and a motion for class certification is a rare remedy." *Legrand v. Intellicorp Records, Inc.*, No. 1: 15 CV 2091, 2016 WL 1161817, at *2 (N.D. Ohio Mar. 24, 2016)[1] (citing *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974) (citations and quotations omitted).

---

[1] Unpublished cases are attached as **Exhibit B.**

## ARGUMENT

As stated, Plaintiffs challenge the legality and enforceability of Defendant's arbitration agreement. (Dkt. 3-1). Plaintiffs contend that Defendant's agreement violates federal law, thereby rendering it invalid and unenforceable under the Federal Arbitration Act ("FAA"). In relevant part, Plaintiff challenges the below conditions contained in the agreement:

> EMPLOYEE AGREES THAT ALL CLAIMS OR DISPUTES BETWEEN EMPLOYEE AND THE COMPANY (AND ANY OTHER PERSONS OR ENTITIES ASSOCIATED WITH THE COMPANY) WILL BE LITIGATED INDIVIDUALLY; THAT HE/SHE WILL NOT CONSOLIDATE HIS/HER CLAIMS WITH THE CLAIMS OF ANY OTHER INDIVIDUAL; THAT HE/SHE WILL NOT SEEK CLASS OR COLLECTIVE ACTION TREATMENT FOR ANY CLAIM THAT HE/SHE MAY HAVE; AND THAT HE/SHE WILL NOT PARTICIPATE IN ANY CLASS OR COLLECTIVE ACTION TREATMENT AGAINST THE COMPANY OR AGAINST ANY OTHER EMPLOYEES OR ENTITIES ASSOCIATED WITH THE COMPANY.

The agreement further states,

> IF AT ANY TIME THE EMPLOYEE IS MADE A MEMBER OR A CLASS IN ANY PROCEEDING, HE/SHE WILL "OPT OUT" AT THE FIRST OPPORTUNITY, AND SHOULD ANY THIRD PARTY PURSUE ANY CLAIMS ON HIS/HER BEHALF THE EMPLOYEE SHALL WAIVE HE/HER RIGHTS TO ANY SUCH MONETARY RECOVERY.

For the reasons discussed below, such terms and condition of arbitration violate federal law, thereby rendering Defendant's arbitration agreement invalid and unenforceable under the FAA.

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

6

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

## I.   PURSUANT TO RECENTLY PUBLISHED SIXTH CIRCUIT LAW, DEFENDANT'S ARBITRATION PROVISION IS ILLEGAL AND UNENFORCEABLE UNDER NLRA AND FAA, THUS HOWARD, AND PLAINTIFF CLASS CAN PURSUE THEIR CLAIMS IN COURT

First of all, Defendant argues that Plaintiff Howard's claims are "barred by the parties' arbitration agreement, which requires him to submit his individual claims to final and binding arbitration." (Dkt. 9, PgID #170).  Defendant further argues that Plaintiff Howard's arbitration agreement is "valid, irrevocable, and enforceable" under the FAA.  (*Id.* at PgID #177).  In support of this argument, Defendant relies on *AT&T Mobility, LLC*, *American Express Co.*, and *Gilmer v. Interstate/Johnson Lane Corp.*  However, as explained by the Sixth Circuit, "[n]one of these cases, nor any other Supreme Court case" supports the conclusion that Defendant's arbitration provision is legally enforceable. *Nat'l Labor Relations Bd. v. Alternative Entm't, Inc.*, 858 F.3d 393, 405 (6th Cir. 2017).[2]

As Defendant correctly stated, "[i]n determining whether the parties agreed to arbitrate a particular dispute, a court must conduct a limited, two-part inquiry. *The court must first decide whether a valid agreement exists.*  If a valid agreement to arbitrate exists, then the court must decide whether the specific dispute at issue

---

[2] As the Sixth Circuit explained, those cases examined whether mandatory arbitration was "in tension with the underlying policy of a federal statute [i.e. the ADEA]."  However, "[e]xplicitly illegal arbitration provisions trigger the FAA's saving clause", and "[a]rbitration provisions that are illegal under the explicit and generally applicable terms of a federal statute" cannot be enforced. *Id.* at 407.

7

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

falls within the scope of the agreement." (Dkt. 9, PgID #182). Here, as discussed below, Defendant's arbitration agreement as to Plaintiff, Howard, and Plaintiff Class, is illegal and unenforceable as a matter of law, thus the analysis ends there.

On May 26, 2017, the Sixth Circuit issued a published opinion admonishing an arbitration provision which contained terms nearly identical to the terms being advocated for by Defendant, by trying to force its employees to only litigate their claims on an individual basis, thereby waiving their right to engage in concerted/collective action and/or be part of a class action to enforce their federal rights. Specifically, this Circuit "join[ed] the Seventh and Ninth Circuits in holding that an arbitration provision requiring employees…individually to arbitrate all employment-related claims is not enforceable." *Id.* at 408. Rather, "[m]andatory arbitration provisions that permit only individual arbitration of employment-related claims are illegal pursuant to the NLRA and unenforceable pursuant to the FAA's saving clause." *Id.*

Consistent with the Court's holding, Defendant's arbitration provision "implicates two federal statutes, the Federal Arbitration Act and the National Labor Relations Act."[3] *Id.* at 400. As stated, "[t]he two statutes do not conflict" and therefore must be applied in conjunction with one another. *Id.* at 402.

---

[3] As also held by this Honorable Court, Defendant's arbitration provision is also illegal and unenforceable under the FLSA, and therefore unenforceable under the

As the Court stated,

> [Under] [s]ection 7 of the National Labor Relations Act…Employees shall have the right…to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection…This right encompasses the right to collectively resort to administrative and judicial forums…*Brady v. Nat'l Football League*, 644 F.3d 661, 673 (8th Cir. 2011) ("[A] lawsuit filed in good faith by a group of employees to achieve more favorable terms or conditions of employment is 'concerted activity' under § 7 of the National Labor Relations Act."); *SolarCity Corp.*, 363 N.L.R.B. 83, 2015 WL 9315535, at *2 (Dec. 22, 2015) ("This protection has long been held to encompass the right of employees to join together to improve their terms and conditions of employment through litigation. Accordingly, an employer violates Section 8(a)(1) by compelling employees, as a condition of employment, to waive their right to 'collectively pursue litigation of employment claims in all forums, arbitral and judicial.'")

*Id.* at 403 (citations and quotations omitted).

"The Supreme Court has held that the right to concerted activity is fundamental. The Court has also found that an employment contract that discourage[s], a discharged employee from challenging his discharge through a labor organization or his chosen representatives, or in any way except personally, violates the NLRA." *Id.* at 404 (citations and quotations omitted).

Defendant argues that all of its employees are contractually bound by its arbitration provision, however, "contracts … stipulat[ing] … the renunciation by the employees of rights guaranteed by the [NLRA] are a continuing means of thwarting the policy of the Act, and are therefore unenforceable under the NLRA."

---

FAA's saving clause. *Gaffers v. Kelly Services, Inc.*, 203 F.Supp.3d 829, 842 (2016).

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9119 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

*Id.* (quotations omitted).   In other words, by forcing employees to agree to arbitrate "*all claims or disputes… individually*", and barring employees from "*participat[ing] in any class or collective action against the company or against any other employee or entities associated with the company*", Defendant violated the NLRA rendering its arbitration agreement illegal under Federal Law. *Id.* at 401.

Furthermore, the Court also held that such a provision is also unenforceable under the FAA.  "According to the FAA's saving clause, because any contract that attempts to undermine employees' right to engage in concerted legal activity is unenforceable, an arbitration provision that attempts to eliminate employees' right to engage in concerted legal activity is unenforceable." *Id.* at 403.   In fact, the "FAA's saving clause addresses precisely the scenario before us…because—as Congress established—an arbitration provision that runs afoul of any 'grounds as exist at law or in equity for the revocation of any contract' is unenforceable." *Id.* at 406 (quoting 9 U.S.C. § 2).

Therefore, Defendant's arbitration agreement is illegal and unenforceable, warranting denial of Defendants' instant motion to compel arbitration.

## II. DEFENDANT'S ARBITRATION AGREEMENT ALSO VIOLATES TITLE VII, THE ADA, AND THE ADEA WITH A MANDOTORY OPT-OUT PROVISION

Defendant argues that "[b]ased on the Supreme Court's long and consistent refusal to find that class action waivers are unenforceable in employment

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

discrimination cases, Plaintiffs' class claims are not cognizable and should be dismissed." (Dkt. 9, PgID #189). In support of this, Defendant relies heavily on *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) and argues that the "ADEA does not preclude enforcement of arbitration agreement even if class action relief could not be granted by arbitrator." (*Id.* at PgID #185). First of all, as already stated above, arbitration agreements with class waivers are unenforceable. *Nat'l Labor Relations Bd*, supra.

Additionally, as explained by the Sixth Circuit, *Gilmer* examined whether mandatory arbitration was "in tension with the underlying policy of a federal statute [i.e. the ADEA]." However, "[e]xplicitly illegal arbitration provisions trigger the FAA's saving clause", and "[a]rbitration provisions that are illegal under the explicit and generally applicable terms of a federal statute" cannot be enforced. *Id.* at 407.

As will be discussed below, Defendant's arbitration agreement contains another illegal clause (in addition to class waiver) which requires an employee to "OPT OUT" of any proceeding instituted on his/her behalf. Mandating such terms of employment is, also, illegal under the explicit terms of Title VII, the ADA, and the ADEA.

11

A. **The Explicit Terms of Title VII and the Enforcement Powers of the EEOC Renders Defendant's Arbitration Agreement Illegal and Unenforceable.**

Pursuant to the plain language of Title VII, "It shall be an unlawful employment practice for an employer "*to limit*...employees...in any way which would deprive *or tend to deprive* any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2.  The statute also states, "It shall be an unlawful employment practice for an employer to discriminate against any of his employees...because he has made a charge, testified, assisted, *or participated in any manner* in an investigation, *proceeding*, or hearing under this subchapter." 42 U.S.C.A. § 2000e-3.

As the statute explicitly states, the Equal Employment Opportunity Commission ("EEOC") "is empowered, as hereinafter provided, to prevent any person from engaging in any unlawful employment practice as set forth in section 2000e-2 or 2000e-3 of this title." 42 U.S.C.A. § 2000e-5.

If an employee believes his or her employer has engaged in activity prohibited by Title VII, the employee *must* first exhaust his/her administrative remedies and file a charge with the EEOC.   42 U.S.C.A. § 2000e-5.  As stated, "Congress granted the EEOC *exclusive jurisdiction* over cases of unlawful employment discrimination to shift much of the responsibility of ensuring

12

compliance with Title VII from private individuals to the EEOC." *E.E.O.C. v. Frank's Nursery & Crafts, Inc.,* 177 F.3d 448, 456 (6th Cir. 1999) (emphasis added). In 1972, Congress amended Title VII so to "authorize[] the EEOC to bring suit in federal court, after conciliation efforts have failed, to enforce Title VII against private employers." *Id* at 457. In doing so, "Congress intended to retain a cause of action for the aggrieved individual while conferring a right of action upon the EEOC. Moreover, Congress wished to avoid duplicitous proceedings." *Id.* Through its amendments, "Congress [also] intended to strengthen the EEOC's role of conciliator and to give it the task of enforcer." *Equal Employment Opportunity Commission v. Kimberly-Clark Corporation,* 511 F.2d 1352, 1357 (6th Cir. 1975). In doing so, "Congress 'hoped that recourse to the private lawsuit will be the exception and not the rule and that the vast majority of complaints will be handled through the offices of the EEOC or the Attorney General, as appropriate.'" *Id.* (quoting Joint Conference Committee, Section-by-section Analysis, 118 Cong.Rec. 3462 (Mar. 6, 1972)).

Therefore, once the EEOC elects to file a complaint in Federal Court, the employee's right to bring a private cause of action terminates, and the EEOC maintains exclusive jurisdiction to litigate in Court on behalf of the person or persons aggrieved. 42 U.S.C.A. § 2000e-5. As explained, "if an individual subject to an arbitration agreement filed a charge with the EEOC and put the EEOC on

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

13

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

notice of employment practices violative of Title VII, and the EEOC in turn exercised its right to sue, *that individual would no longer possess a private cause of action subject to her prior agreement to arbitrate*.  Rather, the EEOC would have a cause of action on behalf of that individual and the public interest [which] would fall outside the arbitration agreement." *Frank's Nursery,* 177 F.3d at 462 (emphasis added). The Sixth Circuit reasoned, "our interest in protecting, as a matter of public policy, the EEOC's power to guide the course of every Title VII action outweighs the interest in enforcing [Plaintiff's] private promise to arbitrate against the EEOC." *Id.*

Defendant acknowledges this, and correctly states, the Supreme Court in "*Gilmer* also recognized that arbitration agreements would not preclude the EEOC from bringing actions seeking class-wide and equitable relief..." (Dkt. 9, PgID #187); see *Gilmer,* 500 U.S. at 22 ("[I]t should be remembered that arbitration agreements do not preclude the EEOC itself from seeking class-wide and equitable relief."); see also, *E.E.O.C. v. Monarch Mach. Tool Co.,* 737 F.2d 144(6th 1980) (noting that the EEOC "never abandoned its right to seek class-wide relief..."); *E.E.O.C. v Waffle House, Inc.,* 534 U.S. 279, 298 (2002) (in discussing EEOC's enforcement powers under Title VII and ADA, the court stated "the statute specifically grants the EEOC exclusive authority over the choice of forum and the prayer for relief once a charge has been filed"); *E.E.O.C. v. Rent-a-Ctr., Inc.,* 2002

14

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

WL 1482534, at *2 (W.D. Tenn. Feb. 20, 2002) (citing *General Tel.*, 446 U.S. at 324–25) ("The EEOC may bring actions for enforcement of federal discrimination laws in its own name for the purpose, among others, of obtaining relief for a group of aggrieved individuals."); see also *Frank's Nursery*, 177 F.3d at 466 ("[L]imiting the EEOC to the pursuit of injunctive and not monetary relief on behalf of aggrieved individuals would severely impede its ability to protect the public interest against unlawful employment discrimination, and would effectively eradicate the efforts of Congress to provide meaningful enforcement powers to the EEOC....If Congress believed the EEOC could effectively eradicate employment discrimination through injunctive remedies alone, it would not have empowered the EEOC to obtain more.").

Here, in this case, by forbidding and/or attempting to forbid employees (like Williams, Howard and those similarly situated) from participating in any class or collective action commenced by the EEOC, Defendant severely impedes the EEOC's investigative, and enforcement powers, by, among other things, depriving the EEOC of its ability to seek class-wide relief on behalf of the aggrieved individuals.

Further, "[b]ecause courts are to treat agreements to arbitrate as all other contracts, they must apply general principles of contract interpretation to the interpretation of an agreement covered by the FAA...Under general principles of

15

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

contract law, it is axiomatic that courts cannot bind a non-party to a contract, because that party never agreed to the terms set forth therein." *Frank's Nursery*, 177 F.3d at 460; *E.E.O.C. v. Ranir, LLC*, 2012 WL 381339, at *4 (W.D. Mich. Feb. 6, 2012) ("The Sixth Circuit held that courts may not treat the agreement of a private party to arbitrate her action as the agreement of the EEOC to arbitrate its action."); *Town of Newton v. Rumery*, 480 U.S. 386, 392 (1987) ("[A] promise is unenforceable if the interest in its enforcement is outweighed in the circumstances by a public policy harmed by enforcement of the agreement.").

Here, in this instant action, by requiring that all employees "OPT OUT" at the first opportunity, if any third-party (including the EEOC) pursues any claims on his/her behalf, Defendant's agreement improperly interferes with the EEOC's ability to enforce federal laws in seeking relief for aggrieved individuals – even though the EEOC never agreed to waive its right to pursue such relief.   See *E.E.O.C. v. SunDance Rehab. Corp.*, 466 F.3d 490, 499 (6th Cir. 2006) ("There can be little doubt that the filing of charges and participation by employees in EEOC proceedings are instrumental to the EEOC's fulfilling its investigatory and enforcement missions.").   Such agreements (like Defendants are trying to enforce here) not only interfere with the EEOC's ability to pursue such causes of actions, but it also deprives the employee of his/her ability to seek redress under the statute – because, as stated, once the EEOC exercises its right to sue "that individual

16

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

would no longer possess a private cause of action" *Frank's Nursery,* supra. Furthermore, as noted by the Sixth Circuit, once a charge is filed with the EEOC (which is required under Title VII), an employee may not withdraw that charge. *Id.* Therefore, prohibiting an employee from participating in any proceeding which was commenced by the EEOC on that employee's behalf would 1) interfere with the EEOC's enforcement powers proscribed by Congress, and 2) would deprive or tend to deprive the employees of the right to seek redress under the statute – because, as stated, Title VII was amended in 1972 in order to prevent "duplicitous proceedings" and once the EEOC initiates a cause of action in Federal Court, an employee's right to pursue a private cause of action terminates. *Id.*

Furthermore, as stated, Title VII explicitly prohibits employers from discouraging employees from *participating in proceedings* under the statute. Defendant's arbitration agreement does just that – which is in direct violation of 42 U.S.C.A. § 2000e-3. In relevant part, Defendant's agreement states, "If at any time the employee is made a member or a class *in any proceeding*, he/she will 'OPT OUT' at the first opportunity, and should any third party pursue any claims on his/her behalf, the employee shall waive his/her rights to any such monetary recovery." (Dkt. 3-1, PgID #82).  This provision is in direct contrast with Title VII's anti-retaliation clause which states, "It shall be an unlawful employment practice for an employer to discriminate against any of his employees…because he

17

AKEEL & VALENTINE, PLC
TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ www.akeelvalentine.com

has… *participated in any manner* in an investigation, *proceeding*, or hearing under this subchapter." 42 U.S.C.A. § 2000e-3.

In other words, Defendant's arbitration agreement contains terms and conditions that are explicitly illegal under Title VII. Therefore, similar to the findings made by the EEOC (Dkt. 3-10), any employee required to sign such an agreement in violation of his/her federal rights is entitled to relief under the statute. Further, Plaintiff Williams is entitled to relief for opposing such a practice under the statute, and thereafter retaliated against for doing so.  Further, as held by the Sixth Circuit, "[a]rbitration provisions that are illegal under the explicit and generally applicable terms of a federal statute" cannot be enforced under the FAA. *NLRA,* supra.  Therefore, Defendant's employees are not bound by Defendant's arbitration agreement, and can therefore participate in this current action before this Honorable Court.

**B. The Explicit Terms of the Americans with Disabilities Act ("ADA"), Also Renders Defendant's Arbitration Agreement Illegal and Unenforceable**

Similar to Title VII, the ADA prohibits an employer from discriminating against an employee because of his/her disability.   42 U.S.C.A. § 12117. Importantly, the statute defines "discriminate" to mean, "limiting" an employee in any way, or "participating an a contractual" agreement which would limit an employee under the statute. *Id.*

18

And, like Title VII, the ADA also states, "No person shall discriminate against any individual because such individual…made a charge, testified, assisted, *or participated in any manner* in an investigation, *proceeding*, or hearing under this chapter." 42 U.S.C.A. § 12203(a). The statue also states that "*It shall be unlawful to coerce, intimidate, threaten, or interfere* with" an employee's rights under the statute. *Id.* Defendant's arbitration agreement does just that.

As stated, "Congress has directed the EEOC to exercise the same enforcement powers, remedies, and procedures that are set forth in Title VII of the Civil Rights Act of 1964 when it is enforcing the ADA's prohibitions against employment discrimination on the basis of disability." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 285–86 (2002) (citing 42 U.S.C. § 12117(a)).

As explained in its April 10, 1997 "Enforcement Guidance on Non-Waivable Employee Rights under Equal Employment Opportunity Commission Enforced Statutes," the EEOC stated that "an employer may not interfere with the protected right of an employee to file a charge, testify, assist, *or participate in any manner* in an investigation, hearing, *or proceeding* under Title VII of the Civil Rights Act of 1964…the Americans with Disabilities Act…[or] the Age

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9119 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

19

Discrimination in Employment Act…These employee rights are non-waivable under the federal civil rights laws." (**Ex. A**)[4] (emphasis added);

As explained, "[a]greements that prevent employees from cooperating with EEOC during enforcement proceedings interfere with enforcement activities because they deprive the Commission of important testimony and evidence needed to determine whether a violation has occurred. Furthermore, insofar as such agreements make it more difficult for the Commission to prosecute past violations, an atmosphere is created that tends to foster further violations of law." (citing *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 710 (1945) and *EEOC v. Astra USA, Inc.,* 94 F.3d 738, 742 (1st Cir. 1996)).

By eliminating, or limiting, an employee's ability to participate in proceedings commenced by the EEOC on that employee's behalf, Defendant's agreement "makes it more difficult for the Commission to prosecute past violations…" Further, by requiring all employees to "OPT OUT" and refrain from participating "in any proceeding", Defendant's agreement violates the explicit terms of the ADA's anti-retaliation provision, and it fosters an environment which "deprives or tends to deprive" an employee of rights afforded under the statute.

---

[4] *White v. Burlington Northern & Santa Fe Ry. Co.,* 364 F.3d 789, 812 (6th Cir.2004) (en banc) (EEOC guidelines in a Compliance Manual "constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance.") (quoting *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65 (1986), which in turn quotes *Skidmore v. Swift & Co.,* 323 U.S. 134, 140 (1944)).

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ (248) 269-9119 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

Because Defendant's arbitration agreement is illegal under the plain language of the ADA, it is also void and unenforceable under the FAA's savings clause. *NLRA,* supra. Further, because Defendant forced its employees, including Plaintiff Howard and those similarly situated, to agree to terms of employment in violation of the explicit terms of the ADA, all Plaintiffs are entitled to relief under the ADA.    Lastly, Plaintiff Williams was admittedly retaliated against for opposing such terms and conditions, and is also entitled to relief as a matter of law.

C. **The Explicit Terms of the Age Discrimination and Employment Act ("ADEA"), Likewise, Renders Defendant's Arbitration Agreement Illegal and Unenforceable**

Similar to Title VII, the ADEA states, "It shall be unlawful for an employer...to limit...his employees in any way which would deprive *or tend to deprive* any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age." 29 U.S.C.A. § 623. Further, "No waiver may be used to justify interfering with the protected right of an employee to file a charge *or participate* in an investigation *or proceeding* conducted by the Commission." 29 U.S.C. §626(f)(4).

Like Title VII, and the ADA, the ADEA also forbids an employer from retaliating against an employee for participating in a proceeding.  As stated, "It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment... because such individual...has made a charge,

21

testified, assisted, *or participated in any manner* in an investigation, *proceeding, or litigation* under this chapter." 29 U.S.C.A. § 623(d)(emphasis added).

Also similar to Title VII and the ADA, an employee may not effectuate his rights under the ADEA without first filing a Charge of Discrimination with the EEOC. 29 U.S.C.A. § 626.  Further, under the explicit language of the statute, any right for an employee to bring a civil action "shall terminate upon the commencement of an action by the Equal Employment Opportunity Commission to enforce the right of such employee under this chapter." 29 U.S.C.A. § 626. Therefore, an employee may not seek redress under the ADEA unless the EEOC divests itself of exclusive jurisdiction of such claims.  In other words, like Title VII, and the ADA, if the EEOC decides to exercise its enforcement powers under the ADEA and files a compliant in Court, the EEOC acts on behalf of the person or persons affected by the discriminatory practice.  Therefore, by requiring all employee's to 1) "OPTOUT" of any proceeding commenced by the EEOC, and 2) waive his/her rights to any monetary recovery by the EEOC, Defendant's arbitration agreement deprives or tends to deprive employees of rights afforded under the ADEA.  Furthermore, like Title VII and the ADA, Defendant's agreement violates the ADEA's anti-retaliation provision by forcing employees to give up their statutorily guaranteed rights to participate in any proceeding under the Act.

22

AKEEL & VALENTINE, PLC
888 W. BIG BEAVER ROAD ▪ SUITE 910 ▪ TROY, MICHIGAN 48084-4736 ▪ (248) 269-9595 ▪ FAX: (248) 269-9119
www.akeelvalentine.com

Therefore, Defendant's arbitration agreement is also illegal under the explicit terms of the ADEA, thereby rendering the agreement unenforceable and invalid under the FAA. *NLRA, supra.* Further, by forcing employees to waive their federal rights under the ADEA, Defendant engaged in illegal activity, entitling Plaintiff Howard, and those similarly situated, to relief under the statute. Also, Plaintiff Williams is also entitled to relief as a matter of law for admittedly being retaliated against for opposing terms and conditions of employment that violate the ADEA.

## III.   PLAINTIFF WILLIAMS IS ENTITLED TO JUDGMENT AS A MATTER OF LAW.

Plaintiff Brian Williams plead that he was retaliated against in violation of Title VII, the ADA, and the ADEA, for opposing a practice that he believed violated those statutes. (Dkt. 3). Defendants have already admitted in their responsive pleading to terminating Plaintiff Williams in retaliation for opposing its arbitration agreement – which, as discussed above, violates the plain language of all three statutes. (Dkt. 8, PgID #137 ¶25).

Therefore, pursuant to Federal Rules of Civil Procedure 12(c), this Honorable Court should find in favor of Plaintiff Williams in regards to his retaliation claims (Counts IV, V, and VI).

23

## CONCLUSION

**WHEREFORE**, based on the foregoing, Plaintiffs respectfully request that this Honorable Court **DENY** Defendant's Motions, and **GRANT** Plaintiff Williams judgement as a matter of law. Plaintiffs also respectfully request that this Honorable Court find Defendant's arbitration agreement illegal, entitling Plaintiff Class to judgment as a matter of law.

Respectfully submitted,

AKEEL & VALENTINE, PLC

/s/: SHEREEF H. AKEEL

By: Shereef H. Akeel (P54345)
Adam S. Akeel (P81328)
Attorneys for Plaintiffs
888 West Big Beaver Road, Ste. 910
Troy, MI 48084

Dated: January 5, 2018

## CERTIFICATE OF SERVICE

The undersigned says that on **January 5, 2018** (s)he electronically filed a copy of the following document in the above-captioned matter by filing into the Eastern District Court Website:

DOCUMENT(S): *Plaintiffs' Response to Defendant's Motion to Dismiss Plaintiffs' Class Claims and to Compel Arbitration of Plaintiff Howard's Individual Claims*

and that same is being served upon counsel of record via the court's electronic filing and electronic mail notification system as follows:

Susan D. Koval skoval@nemethlawpc.com

O:\FCA Class Action\@Termination\Allen, James\Pleadings-draft\Response to MTD.doc

24

AKEEL & VALENTINE, PLC • TROY, MICHIGAN 48084-4736 • (248) 269-9595 • FAX: (248) 269-9119
888 W. BIG BEAVER ROAD • SUITE 910
www.akeelvalentine.com