UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN WILLIAMS,

      Plaintiff,

vs.

DEARBORN MOTORS 1, LLC,
d/b/a, ALL PRO NISSAN OF DEABORN

      Defendant.

Case No.  17-12724

Hon. Nancy G. Edmunds

| AKEEL & VALENTINE, PLC | NEMETH LAW, P.C. |
|---|---|
| Shereef H. Akeel (P54345) | Susan D. Koval (P59297) |
| Adam S. Akeel (P81328) | Attorney for Defendant |
| Attorney for Plaintiff | 200 Talon Centre Drive, Ste. 200 |
| 888 W. Big Beaver Road, Suite 420 | Detroit, MI 48207 |
| Troy, MI 48084 | (313) 567-5921 |
| (248) 269-9595 | skoval@nemethlawpc.com |
| shereef@akeelvalentine.com | |
| adam@akeelvalentine.com | |

## PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT WITH REGARDS TO COUNTS IV, V, AND VI OF PLAINTIFF'S FIRST AMENDED COMPLAINT

**NOW COMES** Plaintiff, BRIAN WILLIAMS ("Plaintiff"), by and through

his attorneys, AKEEL & VALENTINE, PLC, and hereby move this Court pursuant

to Federal Rules of Civil Procedure ("FRCP") 12(c) to issue Judgment on the

Pleadings in Plaintiff's favor, or, in the alternative, to issue Partial Summary

Judgment pursuant to FRCP 56 with Regards to Counts IV, V, and VI of Plaintiff's

First Amended Complaint, for the reasons stated in the accompanying brief in support.

Respectfully submitted,

AKEEL & VALENTINE, PLC

By: /s/:  Shereef H. Akeel
SHEREEF H. AKEEL (P54345)
ADAM S. AKEEL (P81328)
Attorneys for Plaintiff
888 West Big Beaver Road, Suite 420
Troy, MI  48084
(248) 269-9595
shereef@akeelvalentine.com
Dated:  October 16, 2018                  adam@akeelvalentine.com

## <u>TABLE OF CONTENTS</u>

ISSUES PRESENTED…………………………………………………………….iv

TABLE OF AUTHORITIES………………………………………………….....v

BRIEF IN SUPPORT…………………………………………………………1

INTRODUCTION……………………………………………………………1

APPLICABLE FACTS…………………………………………………………..2

APPLICABLE LAW AND ARGUMENT…………………………………………4

CONCLUSION…………………………………………………………...10

## <u>ISSUES PRESENTED</u>

I.    Under Title VII of the Civil Rights Act, the Americans with Disabilities Act, and the Age Discrimination in Employment Act, an employee cannot be retaliated against for opposing an employment practice that he or she believes violations those acts.  It is irrelevant whether the employment practice is ultimately determined to be violative of those acts, so long as the employee's opposition was made with the good faith belief that such a practice violated his or her rights under the acts.  Here, Plaintiff opposed a new company policy that he believed violated his federal employment rights, and Defendant admitted to terminating Plaintiff for opposing the new company policy.  Should this Court award judgment as a matter of law in favor of Plaintiff with regards to his retaliation claims?

PLAINTIFF'S ANSWER:    YES.

# TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*Barrett v. Whirlpool Corp.*,
  556 F.3d 502 (6th Cir.2009) .................................................................5

*Blizzard v. Marion Tech. Coll.*,
  698 F.3d 275 (6th Cir. 2012) ................................................................5

*Bragdon v. Abbott*,
  524 U.S. 624 (1998).................................................................................7

*Comiskey v. Auto. Indus. Action Grp.*,
  40 F.Supp.2d 877 (E.D.Mich.1999) ......................................................6

*Crawford v. Metro. Gov't of Nashville & Davidson County, Tenn.*,
  555 U.S. 271 (2009)..............................................................................6, 7

*Croushorn v. Board of Trustees*,
  518 F.Supp. 9 (M.D.Tenn.1980).........................................................8, 9

*DeAnda v. St. Joseph Hosp.*,
  671 F.2d 850 (5th Cir.1982) .................................................................8

*Federal Express Corp. v. Holowecki*,
  552 U.S. 389 (2008)................................................................................7

*Fletcher v. U.S. Renal Care, Inc.*,
  240 F. Supp. 3d 740 (S.D. Ohio) .......................................................5, 7

*Gifford v. Atchison, Topeka & Santa Fe Ry. Co.*,
  685 F.2d 1149 (9th Cir.1982) ..............................................................8

*Hill v. Air Tran Airways*,
  416 Fed.Appx. 494 (6th Cir.2011).........................................................7

*Johnson v. Univ. of Cincinnati*,
  215 F.3d 561 (6th Cir.2000) .......................................................... 5, 7, 9

*Keys v. U.S. Welding, Fabricating & Mfg., Inc.*,
  1992 WL 218302 (N.D.Ohio Aug.26, 1992).........................................7

*Kocak v. Comty. Health Partners of Ohio, Inc.*,
  400 F.3d 466 (6th Cir.2005) .................................................................4

*Laster v. City of Kalamazoo*,
  746 F.3d 714 (6th Cir. 2014) ................................................................6

*Love v. RE/MAX of Am., Inc.*,
  738 F.2d 383 (10th Cir.1984) ................................................................8
Michael,
  496 F.3d ..............................................................................................6
*Rucker v. Higher Educ. Aids Bd.*,
  669 F.2d 1179 (7th Cir.1982) ..............................................................8
*Shepard v. Uniboring*,
  72 Fed.Appx. 333 (6th Cir.2003) .........................................................7
*State Farm Fire & Cas. Co. v. McGowan*,
  421 F.3d 433 (6th Cir.2005) ................................................................4
*Thomas v. City of Chattanooga*,
  398 F.3d 426 (6th Cir.2005) ................................................................4
*Trujillo v. Henniges Auto. Sealing Sys. N. Am., Inc.*,
  495 Fed.Appx. 651 (6th Cir.2012).......................................................6
*Ulen Contracting Corporation v. Tri–County Electric,*
  *Cooperative*, 1 F.R.D. 284 (W.D.Mich.1940).....................................4
*United States v. Moriarty*,
  8 F.3d 329 (6th Cir.1993) ....................................................................4
*Vorachek v. Sec. Fed. Credit Union*,
  2009 WL 4506440 (E.D. Mich. Dec. 1, 2009) .....................................5

Statutes

42 U.S.C. § 2000e–3(a).............................................................................5

Rules

FED. R. CIV. P. 56(c)................................................................................4
Federal Rules of Civil Procedure ("FRCP") 12(c) ...................... i, 3, 4, 9
FRCP 56 ..................................................................................... i, 3, 9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN WILLIAMS,

     Plaintiff,

vs.

DEARBORN MOTORS 1, LLC,
d/b/a, ALL PRO NISSAN OF DEABORN

     Defendant.

Case No.  17-12724

Hon. Nancy G. Edmunds

| AKEEL & VALENTINE, PLC | NEMETH LAW, P.C. |
|---|---|
| Shereef H. Akeel (P54345) | Susan D. Koval (P59297) |
| Adam S. Akeel (P81328) | Attorney for Defendant |
| Attorney for Plaintiff | 200 Talon Centre Drive, Ste. 200 |
| 888 W. Big Beaver Road, Suite 910 | Detroit, MI 48207 |
| Troy, MI 48084 | (313) 567-5921 |
| (248) 269-9595 | skoval@nemethlawpc.com |
| shereef@akeelvalentine.com | |
| adam@akeelvalentine.com | |

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT, WITH REGARDS TO COUNTS IV, V, AND VI OF PLAINTIFF'S FIRST AMENDED COMPLAINT

## INTRODUCTION

Plaintiff has asserted six claims against Defendant: 1) discrimination in violation of Title VII of the Civil Rights Act ("Title VII"), 2) discrimination in violation of the Americans with Disabilities Act ("ADA"), 3) discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 4) retaliation in violation of Title VII, 5) retaliation in violation of the ADA, and 6) retaliation in

violation of the ADEA.  This instant motion pertains only to Counts III, IV, and V, which relate to the allegation that Defendant unlawfully terminated Plaintiff in retaliation for opposing an employment practice that he believed to be unlawful.

Plaintiff opposed the implementation of the new company policy because he believed it violated his rights under Title VII, the ADA, and the ADEA.  Defendant has already admitted to terminating Plaintiff for opposing the implementation of a new company policy in December of 2015.  Accordingly, Plaintiff is now entitled to judgment as a matter of law.

## APPLICABLE FACTS

Plaintiff began employment with Defendant on May 21, 2015. (Dkt. 3, PgID #56).  In December of 2015, Defendant implemented a new employment policy where it provided all its employees with an arbitration/class-waiver agreement and demanded that all of its employees sign the agreement in order to remain employed by Defendant. (*Id.* at PgID #58).  Plaintiff opposed such a demand because he believed it to be in violation of his federal rights under Title VII, the ADA, and the ADEA (the "Acts").  As admitted by Defendant, on January 11, 2016, Plaintiff was terminated for opposing the employment practice by "not signing the arbitration and waiver agreement." (Dkt. 8, PgID 138 ¶25).

On January 11, 2016, Plaintiff filed a charge with the EEOC, alleging, in part, that he was retaliated against in violation of the Acts. (Dkt. 3-3, PgID #86).  On

October 5, 2016, the EEOC found in favor of Plaintiff by finding reasonable cause to believe that his federal rights were violated under all three statutes. (Dkt. 3-4).

On August 18, 2017, Plaintiff initiated this instant action, alleging discrimination and retaliation in violation of the Acts. [1] (Dkt. 1). On August 23, 2017, Plaintiff filed his First Amended Complaint ("FAC") where he alleged that he was terminated in retaliation for opposing a practice (the signing of the waivers) that he believed was in violation of his federal rights under the Acts. (Dkt. 3, PgID #58). On November 7, 2017, Defendant filed its Answer to Plaintiff's FAC, where it admitted that Plaintiff was terminated for opposing and "not signing the arbitration and waiver agreement." (Dkt. 8, PgID #137 ¶25). Accordingly, Plaintiff now moves for Judgment on the Pleadings pursuant to FRCP 12(C), or in the alternative, Partial Summary Judgment pursuant to FRCP 56, with regards to Counts IV, V, and VI of Plaintiff's FAC.

---

[1] Plaintiff's initial complaint was brought on behalf of himself and all other similarly situated employees that were forced by Defendant to agree to Defendant's new employment policy in order to remain employed by Defendant. Counts I, II, and III alleged discrimination in violation of the Acts on behalf of Plaintiff and all similarly situated employees, and Counts IV, V, and VI alleged retaliation in violation of the Acts on behalf of only Plaintiff Williams. (Dkt. 1). On August 24, 2017, Plaintiff amended his complaint to include another named Plaintiff, Jay Howard. (Dkt. 3). Plaintiff Howard has since been dismissed from this action and compelled to arbitrate his claims. (Dkt. 14). Accordingly, this instant motion is only brought on behalf of Plaintiff Williams, and only pertains to his retaliation claims (Counts IV, V, and VI of the amended complaint).

## APPLICABLE LAW AND ARGUMENT

Fed.R.Civ.P. 12(c) provides that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." "The obvious purpose of Rule 12(c) of the Rules of Civil Procedure is to save time and expenses in cases wherein the ultimate facts are not in dispute." *Ulen Contracting Corporation v. Tri–County Electric Cooperative*, 1 F.R.D. 284, 285 (W.D.Mich.1940). When the court determines a motion for judgment on the pleadings, all well-pleaded material allegations of the non-movant's pleadings must be taken as true. See *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir.1993). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.*

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir.2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir.2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir.2005) (citations omitted).

Under 42 U.S.C. § 2000e–3(a), it is unlawful for an employer "to discriminate against any of his employees ... *because [the employee] has opposed any practice made an unlawful employment practice by this subchapter...*" (the "opposition clause).[2] (emphasis added).  Therefore, "[u]nder Title VII, an employee is protected against employer retaliation *for opposing any practice that the employee reasonably believes to be a violation of Title VII.*" *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000).  The elements of a Title VII retaliation claim are as follows: "(1) [the plaintiff] engaged in activity protected by Title VII; (2) the defendant knew of [his] exercise of [his] protected rights; (3) the defendant subsequently took an adverse employment action against the plaintiff…; and (4) there was a causal connection between the plaintiff's protected activity and the adverse employment action." *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 516 (6th Cir.2009).

A "[p]rotected activity, for purposes of Title VII retaliation claim, includes not only the filing of formal discrimination charges with the Equal Employment Opportunity Commission (EEOC), but also complaints to management and *less formal protests of discriminatory employment practices.*" *Fletcher v. U.S. Renal*

---

[2] The anti-retaliation provisions of the ADA and the ADEA mirror that of Title VII's and courts construe and apply the provisions in the same manner.  *Vorachek v. Sec. Fed. Credit Union*, 2009 WL 4506440, at \*6 (E.D. Mich. Dec. 1, 2009); *Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 288 (6th Cir. 2012); *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 581 (6th Cir.2000).

*Care, Inc.*, 240 F. Supp. 3d 740 (S.D. Ohio), aff'd sub nom. *Fletcher v. U.S. Renal Care*, 709 F. App'x 347 (6th Cir. 2017) (emphasis added). The Supreme Court has held that an employee does not need to actively and consistently oppose an activity to warrant protection against retaliation, *Crawford v. Metro. Gov't of Nashville & Davidson County, Tenn.*, 555 U.S. 271 (2009), rather, an employee is protected under the opposition clause of the Acts when he or she takes an "overt stand against suspected illegal discriminatory action…" *Comiskey v. Auto. Indus. Action Grp.*, 40 F.Supp.2d 877, 898 (E.D.Mich.1999)).

"The term 'oppose,' being left undefined by the statute, carries its ordinary meaning, 'to resist or antagonize [...]; to contend against; to confront; resist; withstand.' " *Crawford*, 555 U.S. at 276. (citing Webster's New International Dictionary 1710 (2d ed.1958)). "The opposition clause protects not only the filing of formal discrimination charges with the EEOC, but also complaints to management and less formal protests of discriminatory employment practices." *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014); See *Trujillo v. Henniges Auto. Sealing Sys. N. Am., Inc.*, 495 Fed.Appx. 651, 655 (6th Cir.2012) ("We have repeatedly held that complaints to human resources personnel regarding potential violations of Title VII constitute protected activity for purposes of establishing a prima facie case of retaliation.") (citing Michael, 496 F.3d at 595); *Hill v. Air Tran*

12

*Airways*, 416 Fed.Appx. 494, 498 (6th Cir.2011); *Shepard v. Uniboring*, 72 Fed.Appx. 333, 336 (6th Cir.2003).

The EEOC has identified a number of examples of "opposing" conduct protected by the Acts, including "refusing to obey an order because the worker *thinks* it is unlawful under Title VII" *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000) (citing EEOC Compliance Manual, (CCH) ¶ 8006)[3] (emphasis added). An employee is considered to "oppose" an employment practice when he decides to take a stand against an employer's employment practice "by standing pat" and refusing to submit to an employer's demand to which the employee in good faith believes violates his rights under the Acts. *Crawford*, 555 U.S. at 277–7.

Importantly, under the opposition clause, "*it is irrelevant whether the challenged practice about which the plaintiff complained ultimately is found to unlawful under Title VII.*" *Fletcher,* supra (emphasis added). Rather, "a violation of Title VII's retaliation provision can be found whether or not the challenged practice ultimately is found to be unlawful…[T]he alleged discriminatory acts need not be actually illegal in order for the opposition clause to apply…" *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 579–80 (6th Cir. 2000) (citation omitted); *Keys v. U.S.*

[3] *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 399 (2008) (explaining that EEOC compliance manuals "reflect 'a body of experience and informed judgment to which courts and litigants may properly resort for guidance' " (quoting *Bragdon v. Abbott*, 524 U.S. 624, 642 (1998).

*Welding, Fabricating & Mfg., Inc.*, 1992 WL 218302, at *5 (N.D.Ohio Aug.26, 1992) (noting that "[u]nder § 704(a) of Title VII, [the plaintiff] needed only a 'good faith belief' that the company practice about which he was complaining violated Title VII; it is irrelevant whether the allegations are ultimately determined to violate Title VII").  A person opposing an apparently discriminatory employment practice need only have a good faith believe that the practice is unlawful. See *Love v. RE/MAX of Am., Inc.*, 738 F.2d 383, 385 (10th Cir.1984); *Gifford v. Atchison, Topeka & Santa Fe Ry. Co.*, 685 F.2d 1149, 1157 (9th Cir.1982); *DeAnda v. St. Joseph Hosp.*, 671 F.2d 850, 853 n. 2 (5th Cir.1982); *Rucker v. Higher Educ. Aids Bd.*, 669 F.2d 1179, 1182 (7th Cir.1982); *Croushorn v. Board of Trustees*, 518 F.Supp. 9, 25 (M.D.Tenn.1980).

Here, Defendant notified Plaintiff that it was adopting a "new company policy which is a condition of continued employment." (Dkt. 3-2, PgID #84).  Defendant even encouraged Plaintiff "to seek legal counsel if need be." (*Id.*).  Upon receipt and review of the "new company policy" Plaintiff opposed the policy as he believed it violated his federal employment rights under the Acts.  (Dkt. 3, PgID #58; see also **Ex. A,** Williams' Declaration).  Defendant admits that Plaintiff Williams opposed the new company policy and that he was terminated "for not signing the arbitration and waiver agreement." (*Id.* at ¶25).  As stated, an employee engages in activity protected under the opposition provision of the Acts when he refuses to obey an

14

employer's order because he believes it is illegal under the Acts. *Johnson,* supra.  It is irrelevant whether or not the employee was ultimately correct about his beliefs, so long as it was in good faith. *Id.*  Defendant admittedly knew that Plaintiff opposed the new employment practice, and that it terminated Plaintiff for opposing the employment practice. (Dkt. 8, PgID #137 ¶25).

As stated, pursuant to FRCP 12(C) and FRCP 56, a party is entitled to judgment as a matter of law when there are no genuine issues of material fact in dispute.  Here, Defendant admits that Plaintiff has met all the elements required to assert a claim under the opposition clause of the Acts: 1) that Plaintiff opposed an employment practice that he believed was unlawful under the Acts, 2) that Defendant knew that Plaintiff opposed the employment practice when he refused to sign the agreement, 3) that Plaintiff was terminated, and 4) that Plaintiff's termination was a result of his decision to oppose the employment practice. Accordingly, Plaintiff is entitled to judgment as a matter of law with regards to Counts IV, V, and VI, for being subjected to an adverse employment action when he opposed an employment practice that he believed violated his federal rights under the Acts.

## CONCLUSION

**WHEREFORE**, based on the foregoing, Plaintiff respectfully requests that

this Honorable Court **GRANT** *Plaintiff's Motion for Judgment on the Pleadings or,*

*In The Alternative, Partial Summary Judgment, With Regards To Counts IV, V, and*

*VI Of Plaintiff's First Amended Complaint.*

Respectfully submitted,

AKEEL & VALENTINE, PLC

/s/:  SHEREEF H. AKEEL
By:    Shereef H. Akeel (P54345)
       Adam S. Akeel (P81328)
       Attorneys for Plaintiffs
       888 West Big Beaver Road, Ste. 420
Dated:  October 16, 2018           Troy, MI  48084

LOCAL RULE CERTIFICATION: I, Adam Akeel, certify that this document
complies with Local Rule 5.1(a), including: double-spaced (except for quoted
materials and footnotes); at least one-inch margins on the top, sides, and bottom;
consecutive page numbering; and type size of all text and footnotes that is no smaller
than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for
proportional fonts). I also certify that it is the appropriate length. Local Rule
7.1(d)(3).

### PROOF OF SERVICE

The undersigned certifies that on the 16th day of October 2018 (s)he
served the foregoing document upon counsel of record via the court
electronic filing and mail notification system.

_____/s/:  Miki Thornton_____

O:\Williams, Brian\Pleadings-Draft\MTN on the Pleadings.docx